**MICHAEL et al. v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 224.**

Circuit Court of Appeals, Second Circuit.

March 4, 1935.

The following is the opinion of the Board of Tax Appeals by Percy W. Phillips:

These proceedings involve the 1922 individual income tax liability of five individuals, three of whom are residents of Buffalo, N. Y., and two residents of New York City. The deficiencies in controversy are as follows:

| Name | Residence | Docket No. | Deficiency |
|------|-----------|-----------|-----------|
| Isidore Michael | Buffalo, N. Y. | 30,215 | $ 73,569.30 |
| Edward Michael | Buffalo, N. Y. | 31,832 | 82,912.41 |
| Clark L. Ingham | Buffalo, N. Y. | 31,836 | 45,438.33 |
| Lula M. Lufkin | New York City | 31,837 | 27,128.25 |
| Elgood C. Lufkin | New York City | 31,839 | 10,084.84 |
| Total | | | $239,133.13 |

The five cases involve a number of issues which are common to all of them and by order of the Board dated December 7, 1929, they were consolidated for purposes of hearing.

One of the common issues is raised by the petitioners' claim that the deficiency in each of these cases is a second determination of deficiency in respect of the same taxable year. If this claim of the petitioners is well taken, a decision to that effect will dispose of these entire proceedings. The Board therefore ordered that the issues be severed and that this one issue be presented in advance of the other issues.

The facts concerning this issue are not in controversy, but were settled by a written stipulation entered into between the parties and filed with the Board on September 8, 1930. The facts covered by the stipulation refer to a number of the different issues, but the portions of it which have to do with the one issue before us are as follows:

The Buffalo Realty Company was organized January 23, 1902, under the laws of the state of New York for the purpose of purchasing certain properties located in Buffalo, N. Y., razing the buildings thereon and erecting a modern building. In 1922 the entire property was sold.

During the year 1922 until liquidation, the petitioners owned common stock of the Buffalo Realty Company as follows:

Clark L. Ingham, 175 shares.
Edward Michael, 246 shares.
Isidore Michael, 246 shares.
Elgood C. Lufkin, 31 shares.
Lula M. Lufkin, 100 shares.

That after the complete liquidation of the Buffalo Realty Company, respondent determined that there was an additional tax due from the Buffalo Realty Company for the year 1922. Pursuant to section 280 of the Revenue Act of 1926 (26 USCA § 1069 and note), respondent sent out notices of liability under date of November 19, 1926, to each of the following: Mrs. Lula M. Lufkin, Edward Michael, Elgood C. Lufkin, Clark L. Ingham, and Isidore Michael. Copies of the respective notices of liability are attached hereto as Exhibits A, B, C, D, and E.

On January 17, 1927, Lula M. Lufkin, Edward Michael, Elgood C. Lufkin, Clark L. Ingham, and Isidore Michael each filed separate petitions under dockets numbered 22627, 22626, 22630, 22629, and 22620, respectively, appealing from the respective notices of deficiency sent out on November 19, 1926.

The appeals were consolidated for hearing and decision, and under date of March 20, 1928, the Board entered its final order of redetermination as follows:

On March 14, 1928, the parties to this proceeding filed a written stipulation as to the tax liability of the petitioners for the year 1922. Upon consideration of the stipulation and in accordance therewith, it is ordered and decided in respect of the tax liability of the petitioners for the year 1922 as follows:

| Name | Docket No. | Amt. of deficiency |
|------|-----------|--------------------|
| Edward Michael | 22,626 | $1,625.35 |
| Lula M. Lufkin | 22,627 | 660.71 |
| Elgood C. Lufkin | 22,630 | 204.83 |
| Isidore Michael | 22,628 | 1,625.35 |
| Clark L. Ingham | 22,629 | 1,156.24 |

The pleadings show that the deficiency notices in the present case were mailed on June 10, 1927, and August 17, 1927.

The Revenue Act of 1926, enacted February 26, 1926, provides in part as follows:

"Section 274. (a) If in the case of any taxpayer, the commissioner determines that there is a deficiency in respect of the tax imposed by this title [chapter], the commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. * * *" 26 USCA § 1048.

"(e) The board shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any penalty, additional amount or addition to the tax should be assessed, if claim therefore is asserted by the commissioner at or before the hearing or a rehearing." 26 USCA § 1048c.

"(f) If after the enactment of this Act [February 26, 1926], the commissioner has mailed to the taxpayer notice of a deficiency as provided in subdivision (a) [section 1048 of this title], and the taxpayer files a petition with the board within the time prescribed in such subdivision, the commissioner shall have no right to determine any additional deficiency in respect of the same taxable year, except in the case of fraud, and except as provided in subdivision (e) of this section or in subdivision (c) of section 279 [section 1048c or in subdivision (c) of section 1051 of this title]. * * *" 26 USCA § 1048d.

"Section 283. (a) If after the enactment of this Act [February 26, 1926], the commissioner determines that any assessment should be made in respect of any income, war-profits, or excess-profits tax imposed by the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, the Revenue Act of 1921, or the Revenue Act of 1924, or by any such Act as amended, the commissioner is authorized to send by registered mail to the person liable for such tax notice of the amount proposed to be assessed, which notice shall, for the purposes of this Act [title], be considered a notice under subdivision (a) of section 274 of this Act [section 1048 of this title]. In the case of any such determination the amount which should be assessed (whether as deficiency or as interest, penalty, or other addition to the tax) shall, except as provided in subdivision (d) of this section, be computed as if this Act (Act Feb. 26, 1926) had not been enacted, but the amount so computed shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including the provisions in case of delinquency in payment after notice and demand and the provisions prohibiting claims and suits for refund) as in the case of a deficiency in the tax imposed by this title [chapter], except as otherwise provided in section 277 of this Act [section 1057 of this title]." 26 USCA § 1064 (a).

Section 284 (d) and (e), 26 USCA § 1065 (d, e) and note, prohibit suits for refund by the taxpayer or for collection by the government where petitions have been filed with the Board and for the repayment of overpayments of tax.

"Section 280. (a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title [chapter] (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds).

"(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title [chapter] or by any prior income, excess-profits, or War-Profits Tax Act. * * *

"(d) The running of the statute of limitations upon the assessment of the liability of a transferee or fiduciary shall, after the mailing of the notice under subdivision (a) of section 274 [section 1048] to the transferee or fiduciary, be suspended for the period during which the Commissioner is prohibited from making the assessment in respect of the liability of the transferee or fiduciary * * * and for 60 days thereafter." 26 USCA § 1069 (a) (1), (d), and note.

The notices which were sent to the petitioners in 1926 and upon the basis of which the first proceedings were instituted asserted a liability upon the part of the petitioners for income taxes due from the

Buffalo Realty Company for the year 1922. They were asserted against the petitioners upon the ground that they were liable, at law or in equity, to pay the taxes of that company. This liability had no reference to any taxes which might be due from the individuals as taxes upon their income. The petitioners, however, take the position that such notices were "notice of a deficiency" mailed to the taxpayers as provided in subdivision (a) of section 274, 26 USCA § 1048, and that, a petition therefrom having been filed with the Board, the notices subsequently sent asserting deficiencies against the individuals were second notices and of no force.

The purpose of the statutory provisions set out above is clear. If a notice of deficiency is sent to the taxpayer and a petition filed with the Board, all questions relating to the tax liability of the petitioner for the year involved are to be decided in that proceeding. The Commissioner may ask an increase over the amount set out in his notice. The petitioner may ask that the Board determine an overpayment of the tax. No suit may thereafter be brought by either party except to enforce the final decision of the Board.[1] The provisions purport to apply this finality only to the determination of the tax liability of the taxpayer for the year involved in the petition. There is nothing which would lead to the belief that Congress intended that in one proceeding there must be determined not only the amount of the tax due from the taxpayer for the year involved, but also the amount for which he might be liable, at law or in equity, upon account of the tax of some other taxpayer. The two liabilities are separate and distinct, arise from different states of fact, and are based upon entirely different theories. They present two distinct causes of action upon either of which it would naturally be assumed proceedings might be maintained independently. There may, in fact, be several causes of action of the individual who is liable, at law or in equity, for the payment of the taxes of more than one insolvent or dissolved taxpayer. The effect of the argument advanced by the petitioners is that in one proceeding there must be determined the liability of the petitioner for his own taxes and his liability, in law or in equity, for the taxes of all other taxpayers. We find nothing in the statute or in the committee reports which evidences such an intent. Such a construction of the act would involve great difficulty in its administration and would practically render valueless the provision of the law which grants a longer period in which to assert the liability of a transferee of assets. It is a construction which is to be indulged only if the statute clearly requires it.

The argument of the petitioner is that the notices mailed November 19, 1926, asserting liability under section 280 of the act are "notices of a deficiency" and are "mailed to a taxpayer." Unless both of these contentions are sound, the petitioners' argument must fail.

Section 280 (a) (1), 26 USCA §. 1069 (a) (1), distinguishes between "the liability, at law or in equity, of a transferee of property of a taxpayer" and "a deficiency in a tax." It provides that the former shall "be assessed, collected and paid in the same manner" as the latter. This serves to make the procedure similar, but the language clearly differentiates between a liability as transferee and a deficiency. Had Congress intended the construction for which petitioner contends it would have been much simpler to have modified the definition of a deficiency to include such a liability. Instead we find it drawing a distinction.

Nor do we believe that one who becomes liable to pay the tax of another because of a liability at law or in equity is the "taxpayer" as that word is used in the portions of the statute quoted above. The section deals with the liability of a transferee of property *of a taxpayer* to pay the tax imposed upon *the taxpayer*. There is a distinction drawn in this section between a taxpayer and one liable at law or in equity to pay his tax. The act, in section 2 (a) (9), 26 USCA § 1262 (a) (9), defines a "taxpayer" as one "subject to a tax imposed by this Act." The act imposes no tax upon the transferee of assets of a taxpayer. It creates no new liability. It merely provides a new method by which the liability which arises at law or in equity may be determined and enforced. Henry Cappellini, 14 B. T. A. 1269; Conference Report on the Revenue Bill of 1926 (69th Cong., 1st sess., Rept. No. 356).

The motion of the petitioners for a decision of no deficiency is denied. The pro-

---

[1] The words "final decision of the Board" are used to include any decision entered pursuant to the decree of a court upon review.

ceedings will be restored to the calendar for a hearing upon the remaining issues.

Reviewed by the Board.

S. Wallace Dempsey, of Washington, D. C. (Thomas Dowd, of Salamanca, N. Y., of counsel), for appellants.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, John MacC. Hudson, and Ellis N. Slack, Sp. Assts. to Atty. Gen., for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

Decision affirmed on opinion below.

