**BANK OF AMERICA, NAT. TRUST & SAV. ASS'N v. ANGLIM, United States Collector of Internal Revenue.**

**No. 10384.**

Circuit Court of Appeals, Ninth Circuit.

Sept. 17, 1943.

George H. Koster and Bayley Kohlmeier, both of San Francisco, Cal., for appellant.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, J. Louis Monarch, and Homer R. Miller, Sp. Assts. to Atty. Gen., and Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., for appellee.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

This is an action to recover taxes for the years 1938 and 1939 paid by the Bank of America, National Trust & Savings Association as disbursing agent for the Transamerica Corporation. The tax was withheld by the Bank of America from dividends on Transamerica stock owned by nonresident alien shareholders to whom the dividends were payable, pursuant to 26 U.S.C.A.Int.Rev.Code, § 143(b), which requires one paying gross income to a nonresident alien to withhold 10 per cent thereof as a withholding tax to be retained and paid to the Collector of Internal Revenue. Although the plaintiff was merely a disbursing agent for the Transamerica Corporation the statute makes it the duty of such agent to withhold the 10 per cent

tax from the stockholders and makes the disbursing agent liable for the tax. Under these circumstances it is a "taxpayer" as defined by 26 U.S.C.A.Int.Rev.Code, § 3797(a) (14), and so comes within the meaning of 26 U.S.C.A.Int.Rev.Code, § 322 authorizing refunds to be paid to "taxpayers". Houston Street Corp. v. Commissioner of Int.Rev., 5 Cir., 84 F.2d 821. Subsequent to the payment of this tax by the plaintiff it was determined by the Commissioner of Internal Revenue that the dividends from which the various sums had been withheld were not taxable and that the 10 per cent withheld was not due the government but represented an overpayment for which refund could and should be allowed.

The plaintiff brought this action to recover the tax overpaid by it, alleging that if successful in this action it intended to place the moneys recovered by it to the credit of the individual stockholders from whose dividends it had been deducted. Plaintiff claims the right to recover under the provisions of 26 U.S.C.A.Int.Rev.Code, § 322 which authorizes a refund of taxes overpaid by the taxpayer. The defendant Collector concedes that there is a right of recovery for such overpayment of tax if action is brought within the time fixed by statute, but claims that the right of recovery is in the stockholders as the primary taxpayers and not in the agent who, in accordance with the law, has withheld from the stockholders moneys otherwise due them. The Collector's contention is based upon paragraph (f) of § 143, regarding the withholding tax, which is as follows: "(f) *Refunds and credits.* Where there has been an overpayment of tax under this section any refund or credit made under the provisions of section 322 shall be made to the withholding agent unless the amount of such tax was actually withheld by the withholding agent."

 The claim of the government is that inasmuch as the plaintiff has actually withheld from the stockholders the amount of the tax, the right to a return of the overpayment is, under § 143 (f), exclusively in the taxpayers whose dividends have been decreased by the amount of tax withheld and not in the agent who withheld and paid the 10 per cent tax. We agree with the contention of the Collector that the plaintiff, as withholding agent in this case, is not entitled to recover from the Collector an amount equal to that which it withheld from the stockholders and paid over to the Collector. There is some difficulty in construing §§ 322 and 143 (f) together, resulting from the fact that the plaintiff, although a mere withholding agent for the Collector, is also liable for the tax of the owner of the dividend and is thus for the purpose of the act considered a taxpayer, but we hold that § 143 (f) was intended to prohibit the recovery of an overpayment of the tax by an agent who has already reimbursed himself by withholding it from the amount paid the primary taxpayer.

Affirmed.