S-K LIQUIDATING CO. (FORMERLY SKAGIT CORPORATION AND SUBSIDIARY), PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1798-74.    Filed July 30, 1975.

*James Wm. Johnston, William R. Smith,* and *Dwight J. Drake,* for the petitioner.

*Matthew W. Stanley, Jr.,* for the respondent.

### OPINION

HALL, *Judge:* Respondent determined a deficiency of $384,677 for S-K Liquidating Co.'s taxable year ended October 31, 1969. This matter is before us on petitioner's preliminary motion for judgment on the pleadings pursuant to Rule 120, Tax Court Rules of Practice and Procedure. The immediate issue for resolution is whether respondent is precluded from asserting the current deficiency because of an earlier Tax Court decision which petitioner contends conclusively determined petitioner's income tax liability for the year at issue.

Petitioner S-K Liquidating Co., formerly Skagit Corp. and subsidiary (S-K), had its principal place of business in Sedro Woolley, Wash., when it filed its petition herein. Petitioner filed its corporate income tax return for its taxable year ended October 31, 1969, with the Internal Revenue Service Center in Ogden, Utah.

Respondent mailed the present notice of deficiency to S-K on December 13, 1973. It alleges that petitioner sold shares of Skagit Corp. Land Division to the Humboldt Co. for less than fair

market value, and that since both petitioner and Humboldt are controlled by the same shareholders a section 482 allocation increasing S-K's income is required.

Respondent had also mailed S-K a notice of deficiency on April 7, 1972. In that earlier notice he determined that petitioner failed to comply with its withholding responsibilities under section 1441[1] for the calendar years 1968 and 1969, and that therefore petitioner was liable under section 1461[2] for the tax it had failed to withhold. S-K filed a petition with this Court in response to that earlier statutory notice, seeking a redetermination of those asserted deficiencies. The case was docketed, and thereafter the parties settled the case. The decision reflecting S-K's stipulated liability of $600 for each calendar year at issue was entered by this Court on March 15, 1973.

Petitioner alleges that respondent is precluded from successfully asserting the current deficiency on two distinct grounds, both arising from petitioner's claim that the Tax Court decision respecting failure to withhold entered March 15, 1973, conclusively determined petitioner's income tax liability for the tax year ended October 31, 1969:

(1) That respondent is prevented under section 6212(c) from issuing a second notice of deficiency. That subsection provides in part that "If the Secretary or his delegate has mailed to the taxpayer a notice of deficiency as provided in subsection (a), and the taxpayer files a petition with the Tax Court * * * the Secretary or his delegate shall have no right to determine any additional deficiency of income tax for the same taxable year." Here both deficiencies were for "income tax" in that they were imposed under subtitle A (Income Tax) of title 26, United States Code; in both cases petitioner is the "taxpayer" entitled to file a petition in the Tax Court; and in both cases petitioner is personally liable for the tax. Moreover, the taxable year of the corporation ending

---

[1] All section references are to the Internal Revenue Code of 1954, as in effect for the years at issue.

Sec. 1441 provides generally that withholding is required of persons paying fixed or determinable annual or periodic income from sources within the United States to nonresident aliens or to a foreign partnership. The rate of such withholding is generally 30 percent.

[2] Sec. 1461 provides:

Every person required to deduct and withhold any tax under this chapter is hereby made liable for such tax and is hereby indemnified against the claims and demands of any person for the amount of any payments made in accordance with the provisions of this chapter.

October 31, 1969, is entirely within the 2 calendar years for which the first deficiency notice was issued.

(2) That the first Tax Court decision is res judicata and an absolute bar to the current deficiency.

Respondent counters petitioner's initial argument by contending that the two deficiencies herein arise from different returns, and that section 6211(a)[3] contemplates deficiencies based on a taxpayer's return. Respondent draws a distinction between deficiencies arising from a return filed in conjunction with section 11(a), which authorizes the imposition of tax on corporate income, and a deficiency arising from a return filed pursuant to a withholding agent's responsibility to withhold tax on nonresident aliens. Respondent also reasons that a withholding agent's liability for a withholding tax is conceptually separate and distinct from a corporation's tax liability on income it has earned.

Respondent, answering S-K's second argument, claims that res judicata does not apply herein because the taxes underlying the two deficiencies were based on unrelated theories and the deficiencies arose in different taxable periods.

We agree with respondent.

I

Section 6212(a) authorizes respondent, once he has determined that there is a "deficiency," to send notice of the deficiency to the taxpayer. The term "deficiency" can best be described by the following formula: Deficiency = correct tax − (tax assessed per return + proper additional assessments − rebates).[4] *Joseph T. Miller,* 23 T.C. 565, 568 (1954), affd. 231 F. 2d 8 (5th Cir. 1956); *Morris Kurtzon,* 17 T.C. 1542, 1548 (1952).

---

[3] Sec. 6211(a) provides:

* * * For purposes of this title in the case of income, estate, gift, and excise taxes, imposed by subtitles A and B, and chapter 42, the term "deficiency" means the amount by which the tax imposed by subtitle A or B or chapter 42 exceeds the excess of—

(1) the sum of

(A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

(B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

(2) the amount of rebates, as defined in subsection (b)(2), made.

[4] If a return has not been filed, or if the return reflects no tax, "the amount shown as the tax by the taxpayer upon his return" shall be considered as zero. Sec. 301.6211-1(a), Proced. & Admin. Regs.

Once a taxpayer has filed his petition in the Tax Court, respondent is precluded from asserting additional notices of deficiency for the same taxable year. Sec. 6212(c). Finality was the end sought with section 6212(c). S. Rept. No. 52, 69th Cong., 1st Sess. (1926), 1939-1 C.B. (Part 2) 332, 351.

The two statutory notices of deficiency here in question are based on two separate returns, the returns cover different taxable periods, and the asserted liabilities originate from taxes enacted for different purposes.

Section 11(a) imposes a tax on taxable income earned by a corporation. The corporate income tax is based on an annual accounting period of 12 months, and the corporation may elect either a calendar year or fiscal year. Sec. 441 and accompanying regulations. Petitioner elected a taxable year ending October 31.

Every corporation subject to taxation under subtitle A must file a return. Sec. 6012(a)(2). S-K's corporate income tax return (Form 1120) for the taxable year ended October 31, 1969, was filed with the District Director for the Internal Revenue District wherein petitioner had its principal place of business (Sedro Woolley, Wash.).

Respondent was given legislative authority to prescribe rules for filing returns by any person made liable for any tax imposed by title 26, United States Code, or for the collection thereof. Sec. 6011. Pursuant to his authority, respondent promulgated requirements for withholding tax returns. The regulations[5] accompanying section 1461 detail the return and payment requirements for withholding agents.[6] Returns are to be filed by withholding agents on or before March 15 for the previous calendar year. The withholding tax return (Form 1042) is filed with the Director of International Operations, Internal Revenue Service, Washington, D. C. Secs. 1.1461-2(b)(1) and 1.6091-3(g), Income Tax Regs. The different type of return and the different filing locations of the withholding tax return and the withholding agent's own income tax return emphasize the distinct nature of the two taxes and the two returns. Further, section 6212(c) refers to deficiencies "for the same taxable year." S-K filed its corporate income tax return for the fiscal year ended

---

[5] Secs. 1.1461-2 and 1.1461-3, Income Tax Regs.

[6] While sec. 6012(a)(2) specifically requires a corporation to file an income tax return for taxes under subtitle A, sec. 6012(a)(5) notes that a nonresident alien may be exempted from filing a return for tax imposed by sec. 871. As such the withholding agent's return may have added importance as a substitute for the nonresident alien's return.

October 31, 1969. It was required to file withholding tax returns for the calendar years 1968 and 1969. The notices of deficiencies covered these different taxable years. "The jurisdiction of this Court is limited by statute to consideration of the taxable years covered by the notice of deficiency [citation omitted], and we have made it plain that such jurisdiction does not embrace any periods other than the precise ones for which the Commissioner determined deficiencies." *Atlas Oil & Refining Corp.*, 22 T.C. 552, 558 (1954).

On previous occasions we have ruled that a determination of a taxpayer's earlier liability for taxes on *another's* income will not prevent respondent from issuing to that taxpayer a notice of deficiency for the very same taxable year for tax liability on *his own* income. See *Edward Michael*, 22 B.T.A. 639 (1931), affd. per curiam 75 F. 2d 966 (2d Cir. 1935), cert. denied 296 U.S. 579 (1935), where we concluded that the taxpayer's earlier transferee liability for 1922, sustained by the Board of Tax Appeals, did not preclude the issuance of a notice of deficiency for the taxpayer's direct liability for 1922 for taxes on income he had earned. We reasoned that "The two liabilities are separate and distinct, arise from different states of fact and are based upon entirely different theories. They present two distinct causes of action upon either of which it would naturally be assumed proceedings might be maintained independently." 22 B.T.A. at 642.

While we based our decision in that case on our conclusion that notices to transferees were not deficiency notices as defined in section 274(a) [7] and that as a transferee petitioner was not a "taxpayer" as used in section 280,[8] we believe that the underlying concept of that case is applicable to our facts, and that the case supports our conclusion allowing the second notice of deficiency where the first notice received by S-K applied to tax liability on income earned by another.

We recognize that as a withholding agent, petitioner is a "taxpayer" for purposes of a petition to the Tax Court contesting its liability for withheld taxes. *Houston Street Corp. v. Commissioner*, 84 F. 2d 821 (5th Cir. 1936), revg. a Memorandum Opinion of this Court; see also *Enochs v. Green*, 270 F. 2d 558, 561 (5th Cir. 1959). However, the withholding agent is entitled to a refund of an overpayment only if the tax was

[7] Analogous to current sec. 6212(a).
[8] Analogous to current sec. 6901.

not actually withheld by it. Sec. 1464; *Bank of America, Nat. Trust & Sav. Assn. v. Anglim*, 138 F. 2d 7 (9th Cir. 1943); *Ciba Pharmaceutical Products, Inc.*, 35 T.C. 337, 354-355 (1960), revd. and remanded on another issue 297 F. 2d 77 (3d Cir. 1961). If an excessive amount of tax has been withheld, the nonresident alien may file a return (Form 1040 NR) showing his correct tax liability for the year, and elect to obtain the excess as a refund (see sec. 301.6402-3(e), Proced. & Admin. Regs.; Rev. Rul. 69-29, 1969-1 C.B. 273), or file a claim for refund with the Director of International Operations in Washington, D.C. (secs. 1464 and 6414). The claim must be made by the nonresident alien, not by the withholding agent, even though the withholding agent has reimbursed the nonresident alien. Rev. Rul. 61-207, 1961-2 C.B. 139. Finally, although the withholding agent is made personally liable for the tax, the payment of the tax by the nonresident alien who is the recipient of the income relieves the agent of such liability. Sec. 1463.

Thus, although the liability of the petitioner for taxes as a withholding agent appears to fall within the literal language of section 6212(c) in that as withholding agent petitioner is the taxpayer entitled to file a petition in the Tax Court, is personally liable for the tax, and the tax is an "income tax" in that it is imposed under chapter 3 (Withholding of Tax on Nonresident Aliens, etc.) of subtitle A (Income Tax), we nonetheless hold that the prohibition against determining "any additional deficiency of income tax for the same taxable year" does not preclude respondent from issuing the deficiency notice here in issue covering petitioner's corporate income tax imposed under chapter 1 (Normal Taxes and Surtaxes) of subtitle A.

As noted above, the prohibition was intended to prevent repetitious litigation with respect to the same tax for the same year. Though both taxes are imposed under the income tax subtitle of title 26, one tax is on the income of petitioner and the other is on the disbursements to another (the nonresident alien taxpayer), and, as in the case of transferee liability where the petitioner is liable for the tax of another, respondent and petitioner are each entitled to a separate day in court with respect to each of the two taxes.

.

## II

Petitioner's second argument is that the Tax Court decision entered in the withholding tax cases for the calendar years 1968 and 1969 is res judicata and a bar to the current deficiency for petitioner's own income tax for the fiscal year ended October 31, 1969. It is a well-established legal principle that the doctrine of res judicata is applicable to Federal tax cases. The Supreme Court in *Commissioner v. Sunnen*, 333 U.S. 591 (1948), revg. 161 F. 2d 171 (8th Cir. 1947), which affd. in part and revd. in part 6 T.C. 431 (1946), discussed the concept, noting that its application "rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations." 333 U.S. at 597. In applying the concept to the Federal income tax field the Supreme Court added that "income taxes are levied on an annual basis. Each year is the origin of a new liability and of a separate cause of action. Thus if a claim of liability * * * relating to a particular tax year is litigated, a judgment on the merits is *res judicata* as to any subsequent proceeding involving the same claim and the same tax year." 333 U.S. at 598.

The two taxes and the two taxable periods addressed in petitioner's motion for judgment on the pleadings are different. The current deficiency is based on S-K's tax liability for moneys it had earned during the year ended October 31, 1969. The stipulated decision with respect to the withholding tax concerned 2 distinct calendar years, 1968 and 1969. Further, unlike the asserted corporate income tax deficiency in the notice at issue, the stipulated decision for the withholding tax liability had as its foundation disbursements made to another, a nonresident alien.

Under these circumstances we hold that a decision under sections 1441 and 1461 of chapter 3 of the code is not res judicata, barring a decision under chapter 1 of the code, for while the sections imposing liability are both part of subtitle A, the taxable periods are different and the income taxed was earned by different taxpayers.

*An appropriate order will be entered.*