MIDLAND MORTGAGE CO., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6742–78.    Filed February 26, 1980.

---

[11]See also *Garland v. Commissioner,* T. C. Memo. 1971–79.

*Timothy M. Larason* and *Joseph G. Shannonhouse IV*, for the petitioner.

*Donald W. Geerhart*, for the respondent.

## OPINION

DAWSON, *Judge:* This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's "Motion to Determine Jurisdiction," filed herein on November 14, 1979. After a review of the record, we agree with and adopt his opinion which is set forth below.[1]

### OPINION OF THE SPECIAL TRIAL JUDGE

CANTREL, *Special Trial Judge:* Petitioner, a corporation organized under the laws of the State of Oklahoma, had its principal office at Midland Center, 134 Robert S. Kerr Ave., Oklahoma City, Okla., on the date its petition was filed herein.

On March 20, 1978, respondent issued the notice of deficiency upon which this case is based. In this notice, respondent determined deficiencies in petitioner's Federal income taxes for the taxable years ended July 31, 1971, and July 31, 1972, in the amounts of $28,769.60 and $4,071.60, respectively. These deficiencies are exclusively attributable to the disallowance of claimed net operating loss and investment credit carrybacks from the year ended July 31, 1974, which previously resulted in an erroneous refund from an application for a tentative carryback allowance under section 6411.[2] In response to this notice of deficiency, petitioner timely filed its petition for the present case with this Court on June 20, 1978. The immediate issue for resolution is whether sections 6212(c) and 6213(b) prohibit the issuance of a valid notice of deficiency to recapture a tentative carryback allowance erroneously refunded under section 6411 to years for which petitioner has previously

---

[1]Since this is a pretrial jurisdictional motion, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in the present circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.

[2]All section references are to the Internal Revenue Code of 1954, as in effect for the years at issue, unless otherwise indicated.

petitioned and docketed a case in which the Tax Court has entered a final decision.[3]

Respondent issued a notice of deficiency to petitioner on September 13, 1974, for the taxable years ended July 31, 1967, July 31, 1970, July 31, 1971, and July 31, 1972, in which notice he determined deficiencies in petitioner's Federal income taxes for those years in the respective amounts of $27,097, $64,703, $19,140, and $17,381. This notice was petitioned and assigned docket No. 9667–74. A stipulated decision was entered on December 22, 1976, which became final on March 22, 1977. Sec. 7481 and 7483. The decision in docket No. 9667–74 contains no reference to the net operating loss and investment credit carrybacks from the year ended July 31, 1974. Nowhere did respondent expressly reserve the right to make any further assessments for the taxable years ended July 31, 1971 and 1972, in the event that the net operating loss and investment credit carrybacks should be reduced upon audit of the loss year.

On or about June 30, 1975, petitioner filed its tax return for the taxable year ended July 31, 1974, together with an application for a tentative allowance based on carrybacks of both a net operating loss and an investment credit from the taxable year ended July 31, 1974, to the taxable years ended July 31, 1971 and 1972, pursuant to section 6411(a). Shortly thereafter, respondent granted this application by payment of the amounts claimed.

Subsequent to the entry of the Court's decision in docket No. 9667–74, respondent completed an examination of petitioner's tax return for the year ended July 31, 1974. Respondent notified petitioner by letter in February 1977 of his determination that the net operating loss and investment credit carrybacks to 1971 and 1972 should be disallowed, and petitioner executed a timely consent (Form 872) extending the period of assessment for the year ended July 31, 1974, until June 30, 1978.

Respondent filed his "Motion to Determine Jurisdiction" in order to prevent a recurrence of the situation faced in *Brannon's of Shawnee, Inc. v. Commissioner*, 69 T.C. 999 (1978). In that case, the taxpayer successfully moved for special leave to file a motion to vacate a decision entered by the Tax Court more than

[3]Respondent submitted a memorandum of points and authorities setting forth arguments both for and against the existence of jurisdiction in this case, and a hearing was held thereon at Washington, D.C., on Jan. 9, 1980. Petitioner filed no objection to respondent's motion and chose not to be represented at the hearing.

1 year prior to the filing of the motion on the ground that the Court lacked jurisdiction in the original proceeding. Although the motion to vacate was later denied on its merits, the Court held that there is an exception to the finality rule where no jurisdiction existed and stated, "we have jurisdiction to determine if we have jurisdiction at any time, be it before or after final decision is entered." *Brannon's of Shawnee, Inc. v. Commissioner*, 71 T.C. 108, 111–112 (1978). "[Q]uestions of jurisdiction which go to the root of all subsequent action * * * and should be disposed of at the threshold * * * must be dealt with by the Tax Court, like other tribunals, on its own motion even if not raised by either party." *National Committee to Secure Justice, Etc. v. Commissioner*, 27 T.C. 837, 839 (1957). Accordingly, it is appropriate for us to decide this jurisdictional question at this time.

The present deficiencies for the years ended July 31, 1971 and 1972, resulted because, upon audit of petitioner's return for the year ended July 31, 1974, respondent determined that the tentative allowance of the carryback loss and investment credit under section 6411 from the year ended 1974 to the years ended 1971 and 1972 was erroneous. The Code provisions on the tentative allowance of carryback adjustments and the manner in which any erroneous allowances are to be adjusted are specific and detailed. Section 6411(a) provides that a "taxpayer may file an application for a tentative carryback adjustment of the tax for the prior taxable year affected by a net operating loss carryback provided in section 172(b), [and] by an investment credit carryback provided in section 46(b)." Section 6411(b) contemplates that within 90 days from the filing of an application for a tentative carryback adjustment, the Internal Revenue Service will make a "limited examination of the application" and determine "the amount of the decrease in the tax attributable to such carryback upon the basis of the application and the examination."[4] The Code is equally explicit in stating how the Internal Revenue Service should proceed if, on audit, it finds that the tentative allowance of carryback adjustments was erroneous. Three remedies are provided: (1) Suit for erroneous

---

[4]Sec. 6411(b) provides that "the Secretary or his delegate shall make, to the extent he deems practicable in such period, a limited examination of the application, to discover omissions and errors of computation therein." In the absence of such errors, the adjustment to tax will generally be credited or refunded within 90 days from the date the application is filed. Sec. 6411(b); sec. 1.6411–3(a), Income Tax Regs.

refund where a refund actually has been made, sections 7405 and 6532(b); (2) assessment as a mathematical error of a deficiency for the year to which the tentative carryback adjustment was applied, section 6213(b)(2) [now sec. 6213(b)(3)]; or (3) assessment pursuant to a notice of deficiency under section 6212 of any deficiency for the year to which the tentative carryback adjustment was applied.[5] *Fine v. Commissioner*, 70 T.C. 684, 687–688 (1978). None of these remedies is exclusive. *Fine v. Commissioner, supra;* see *Polachek v. Commissioner*, 22 T.C. 858, 863–865 (1954) (mathematical error procedure held not to be exclusive); *Neri v. Commissioner*, 54 T.C. 767, 770 (1970) (suit-for-erroneous-refund procedure held not to be exclusive).

Thus, upon discovering that a tentative carryback adjustment was erroneously allowed under section 6411, respondent is generally free to pursue the third remedy, the issuance of a notice of deficiency under section 6212, as he did in the present case. See *Fine v. Commissioner, supra; S–K Liquidating Co. v. Commissioner*, 64 T.C. 713 (1975);[6] *Krieger v. Commissioner*, 64 T.C. 214, 216 (1975); *Neri v. Commissioner, supra*. However, unlike these earlier cases considered by this Court, petitioner in this case previously filed a petition in response to a previous notice of deficiency issued by respondent on September 13, 1974, for the same taxable years and the same taxes and the same returns as are involved in the present notice of deficiency (issued Mar. 20, 1978) upon which this case is based.

---

[5]Assessments under both (2) and (3) must be made within the time prescribed by sec. 6501(h) and (j), which reads in relevant part as follows:

SEC. 6501(h). NET OPERATING LOSS OR CAPITAL LOSS CARRYBACKS.—In the case of a deficiency attributable to the application to the taxpayer of a net operating loss carryback or a capital loss carryback (including deficiencies which may be assessed pursuant to the provisions of section 6213(b)(2)), such deficiency may be assessed at any time before the expiration of the period within which a deficiency for the taxable year of the net operating loss or net capital loss which results in such carryback may be assessed. * * *

SEC. 6501(j). INVESTMENT CREDIT CARRYBACKS.—In the case of a deficiency attributable to the application to the taxpayer of an investment credit carryback (including deficiencies which may be assessed pursuant to the provisions of section 6213(b)(2), such deficiency may be assessed at any time before the expiration of the period within which a deficiency for the taxable year of the unused investment credit which results in such carryback may be assessed, * * *

[6]In *S–K Liquidating Co. v. Commissioner*, 64 T.C. 713 (1975), the respondent issued two statutory notices of deficiency for overlapping years as he did in the present case. However, the Court at 64 T.C. 716 held that sec. 6212(c) was inapplicable because the two notices of deficiency were based on two separate returns, the returns covered different taxable periods, and the asserted liabilities originated from taxes enacted for different purposes. In the present case, the two notices of deficiency are based on the same returns covering the same taxable periods and the same income taxes for the same taxpayer.

The jurisdiction of this Court is governed by statute. Sec. 7442. In general, Tax Court jurisdiction exists only if there has been issued a valid statutory notice of deficiency (respondent's third option for an erroneous allowance of a tentative carryback adjustment) and a timely petition filed therefrom. Secs. 6212 and 6213; Rules 13 and 20, Tax Court Rules of Practice and Procedure. It is uncontroverted that petitioner timely filed a petition under section 6213(a) within 90 days after the issuance of the notice of deficiency upon which the present case is based.[7] However, a valid petition may not be filed in the Tax Court without the issuance of a valid statutory notice of deficiency, sometimes referred to as a "ticket to the Tax Court." *Baron v. Commissioner*, 71 T.C. 1028, 1034 (1979); *Jones v. Commissioner*, 62 T.C. 1, 2 (1974); *Corbett v. Frank*, 293 F.2d 501 (9th Cir. 1961).

Section 6212(a) authorizes respondent, once he has determined that there is a "deficiency," to send a notice of deficiency to the taxpayer. The term "deficiency" can best be described by the following formula: Deficiency = correct tax - (tax assessed per return + proper additional assessments - rebates).[8] Sec. 6211(a); *S-K Liquidating Co. v. Commissioner*, *supra* at 715; *Miller v. Commissioner*, 23 T.C. 565, 568 (1954), affd. 231 F.2d 8 (5th Cir. 1956); *Kurtzon v. Commissioner*, 17 T.C. 1542 (1952). Since

---

[7] SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT.

(a) TIME FOR FILING PETITION AND RESTRICTION ON ASSESSMENT.—Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B or chapter 42 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day * * * period * * * nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. * * *

[8] SEC. 6211. DEFINITION OF A DEFICIENCY.

(a) IN GENERAL.—For purposes of this title in the case of income, estate, gift, and excise taxes, imposed by subtitles A and B, and chapter 42, the term "deficiency" means the amount by which the tax imposed by subtitle A or B or chapter 42 exceeds the excess of—
(1) the sum of
(A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus
(B) the amounts previously assessed (or collected without assessment) as a deficiency, over—
(2) the amount of rebates, as defined in subsection (b)(2), made.
(b) RULES FOR APPLICATION OF SUBSECTION(a).—For purposes of this section—

\*       \*       \*       \*       \*       \*       \*

(2) The term "rebate" means so much of an abatement, credit, refund, or other repayment, as was made on the ground that the tax imposed by subtitle A or B or chapter 42 was less than the excess of the amount specified in subsection (a)(1) over the rebates previously made.

respondent has determined that the correct amount of tax is greater than the amount reported as tax on the returns less the rebate (carryback allowances under sec. 6411), a deficiency exists. In such a case, the issuance of a statutory notice of deficiency is generally appropriate. However, in this case, respondent issued a previous notice of deficiency on September 13, 1974, for the taxable years ended July 31, 1971, and July 31, 1972; that notice was petitioned, docketed, and a decision entered thereon before the issuance of the present notice of deficiency. The provisions for the issuance of a notice of deficiency are stated in section 6212; subsection (c) of section 6212 provides in relevant part as follows:

(c) FURTHER DEFICIENCY LETTERS RESTRICTED.—

(1) GENERAL RULE.—If the Secretary or his delegate has mailed to the taxpayer a notice of deficiency as provided in subsection (a), and the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), the Secretary or his delegate shall have no right to determine any additional deficiency of income tax for the same taxable year * * * except in the case of fraud, and except as provided in section 6214(a) (relating to assertion of greater deficiencies before the Tax Court), in section 6213(b)(1) (relating to mathematical errors), or in section 6816(c) (relating to the making of jeopardy assessments).

Once a taxpayer has filed a petition in the Tax Court, respondent is precluded from determining an additional deficiency for the same taxable year; finality was the end sought with section 6212(c). *S–K Liquidating Co. v. Commissioner*, *supra* at 716. The legislative history of what are now sections 6212 and 6213 contains the following pertinent language:

the taxpayer's right to claim and sue for refund shall be barred only if he takes the case to the Board [Board of Tax Appeals], thus preserving to him the option of paying the tax and then proceeding before the Department and the courts to recover any excess payments by a claim or suit for refund.

*But if he does elect to file a petition with the Board his entire tax liability for the year in question* (except in case of fraud) *is finally and completely settled by the decision of the Board when it has become final,* whether the decision is by findings of fact and opinion, or by dismissal, as in case of lack of prosecution, insufficiency of evidence to sustain the petition, or on the taxpayer's own motion. The duty of the Commissioner to assess the deficiency thus determined is mandatory, and no matter how meritorious a claim for abatement of the assessment or for refund he can not entertain it, nor can suit be maintained against the United States or the collector. *Finality is the end sought to be attained by these provisions* of the bill, and the committee is convinced that *to allow the reopening of the question of the tax for the year involved either by the taxpayer or by the Commissioner* (save in the sole case of fraud) *would be highly*

*undesirable.* [S. Rept. 52, 69th Cong., 1st Sess. (1926), 1939–1 C.B. (Part 2) 332, 351. Emphasis added.]

Accordingly, due to the issuance of the first notice of deficiency, which was petitioned, docketed, and on which the Court entered a final decision, respondent was without authority to assert any additional deficiency against petitioner in respect of the taxable years ended July 31, 1971 and 1972, except in the case of fraud, except as provided in section 6213(b)(1) (relating to mathematical errors), and except as provided in other situations not applicable here. Sec. 6212(c)(1). See *McCue v. Commissioner*, 1 T.C. 986 (1943); *American Foundation Co. v. Commissioner*, 2 T.C. 502 (1943).

When Congress enacted the carryback provisions of section 6411 (originally sec. 3780(a), (b), and (c), I.R.C. 1939), it anticipated that the Internal Revenue Service would allow erroneous carryback adjustments due to the limited examination given to applications for carryback adjustments (in accordance with the statutory requirements) and provided a summary procedure whereby the Commissioner and the taxpayer may be restored to the same position occupied prior to the approval of such application.[9] Section 6212(c)(1) states that an exception to the rule prohibiting the assessment of a further deficiency for years in which the taxpayer has already petitioned exists for mathematical errors under section 6213(b)(1), which reads as follows:

(b) EXCEPTIONS TO RESTRICTIONS ON ASSESSMENT.—

(1) MATHEMATICAL ERRORS.—If the taxpayer is notified that, on account of a mathematical error appearing upon the return, an amount of tax in excess of that shown upon the return is due, and that an assessment of the tax has been or will be made on the basis of what would have been the correct amount of tax but for the mathematical error, *such notice shall not be considered as a notice of deficiency* for the purposes of subsection (a) (prohibiting assessment and collection until notice of the deficiency has been mailed), or of section 6212(c)(1) (restricting further deficiency letters), or section 6512(a) (prohibiting credits or refunds after petition to the Tax Court), and the taxpayer shall have no right to file a petition with the Tax Court based on such notice, nor shall such assessment or collection be prohibited by the provisions of subsection (a) of this section. [Emphasis added.]

---

[9] See H. Rept. 849, 79th Cong., 1st Sess. (1945), 1945 C.B. 566, 583.

For assessments arising out of tentative carryback adjustments, section 6213(b)(2) (now sec. 6213(b)(3)) provides:

> If the Secretary or his delegate determines that the amount applied, credited, or refunded under section 6411 is in excess of the overassessment attributable to the carryback with respect to which such amount was applied, credited, or refunded, *he may assess the amount of the excess as a deficiency as if it were due to a mathematical error* appearing on the return. [Emphasis added.]

Thus, upon audit of the year in which a tentative carryback adjustment occurred, respondent may correct an erroneous allowance issued under section 6411 through the assessment procedures available for mathematical errors. The assessment procedures for mathematical errors under section 6213(b)(1) (the second remedy listed above as available to respondent in the case of an erroneous allowance of a carryback adjustment) specifically state that such a notice of assessment is not a notice of deficiency and that a taxpayer has no right to file a petition based on such notice. Hence, any notice issued within the exception embodied in section 6212(c)(1) for mathematical errors and assessments arising out of a tentative carryback adjustment as provided in sec. 6213(b)(1) and (2) does not entitle a taxpayer to Tax Court review.

The provisions of sections 6411 and 6213(b) were first enacted as section 3780 of the Internal Revenue Code of 1939 by the Tax Adjustment Act of 1945 (Act of July 31, 1945, ch. 340, 59 Stat. 521) and were accompanied by a committee report (H. Rept. 849, 79th Cong., 1st Sess. (1945), 1945 C.B. 566, 580–583). The report emphasized the tentative character of carryback adjustments[10]

---

[10]The committee report states in pertinent part:

"Subsection (b) of section 3780 [now sec. 6411(b)] provides that the Commissioner is to act upon any application for a tentative carry-back adjustment within 90 days * * *

"Within such period of 90 days the Commissioner is *to make such limited* examination of the application as he deems practicable for omissions and errors of computation therein. The Commissioner is then to determine the increase or decrease in any tax affected by the carry-back upon the basis of the application and such examination. * * *

\*  \*  \*  \*  \*  \*  \*

"the Commissioner's action in disallowing any application in whole or in part shall be final and may not be challenged in any proceeding. The taxpayer's remedy lies in the usual claim for credit or refund as under existing law.

"In the case of any application which the Commissioner allows in whole or in part, any increase determined by the Commissioner in any tax affected by the carry-back shall be deemed to have been determined as a deficiency and shall be assessed without regard to the restrictions on assessment provided in section 272 of the Code. Thus, the taxpayer will not have a right to contest such assessment before the Tax Court. * * * [1945 C.B. at 582.]"

and the summary assessment procedure available to restore the Commissioner and the taxpayer to the same position occupied before the approval of a tentative carryback adjustment application. The committee report states in pertinent part, 1945 C.B. at 583:

In recognition of the fact that, due to the short period of time allowed, the Commissioner necessarily will act upon an application for a tentative carryback adjustment only after a very limited examination, subsection (c) of section 3780 provides a summary procedure whereby the Commissioner and the taxpayer each may be restored to the same position occupied prior to the approval of such application. Subsection (c) provides that if the Commissioner determines that the amount applied, credited, or refunded with respect to an application for a tentative carry-back adjustment is in excess of the overassessment properly attributable to the carry-back upon which such application was based, he may assess the amount of the excess as a deficiency as if such deficiency were due to a mathematical error appearing on the face of the return. That is, the Commissioner may assess an amount equal to the excess, and such amount may be collected, without regard to the restrictions on assessment and collection imposed by section 272 of the Code. Either before or after assessing such amount, the Commissioner will notify the taxpayer that he has made or will make such assessment. Such notice, however, is not to constitute a notice of deficiency and the taxpayer may not file a petition with The Tax Court based on such notice. The taxpayer within the applicable period of limitation may file a regular claim for credit or refund under section 322 of the Code based on such carry-back, if he has not already filed such a claim, and may sue on such claim if it is rejected by the Commissioner or not acted upon within six months after the date of the filing of the claim.

In the usual situation in which section 6213(b)(2) [now sec. 6213(b)(3)] applies, the respondent can elect to utilize the mathematical error assessment procedure under section 6213(b)(1) or to employ the notice of deficiency route under section 6212. See *Fine v. Commissioner, supra,* and cases cited therein.[11] Here, however, the prior Tax Court proceeding involving the same taxable years, the same taxpayer, the same taxes, and the same returns foreclosed the issuance of a second notice of deficiency under section 6212. Under the circumstances

---

[11]This is supported by the legislative history which reads in pertinent part as follows:

"It is to be noted that the method provided in subsection (c) of section 3780 [the predecessor of section 6213(b)(2)] to recover any amounts applied, credited, or refunded under section 3780 which the Commissioner determines should not have been so applied, credited, or refunded is not an exclusive method. It is contemplated that the Commissioner will usually proceed by way of a deficiency notice in the ordinary manner, and the taxpayer may litigate any disputed issues before The Tax Court. The Commissioner may also proceed by way of a suit to recover an erroneous refund. [H. Rept. 849, 79th Cong., 1st Sess. (1945), 1945 C.B. 566, 583.]"

of this case, respondent's remedies were limited to bringing a suit for erroneous refund or utilizing the assessment procedure for mathematical errors provided in section 6213(b).[12] Accordingly, the notice issued by respondent on March 20, 1978, upon which this case is based, did not constitute a valid statutory notice of deficiency under section 6212, and we therefore must dismiss this case for lack of jurisdiction.

In accordance with the foregoing,

*An appropriate order will be issued.*

---

[12]We note that in *Blansett v. United States,* 283 F.2d 474 (8th Cir. 1960), the Commissioner assessed a deficiency resulting from the erroneous allowance of a carryback adjustment without giving a 90-day notice prior to the time the assessment was made. Although the Commissioner had pursued the notice of deficiency route for making an assessment under the predecessor to sec. 6212, the Court sustained the assessment, which was made before the passage of 90 days from the issuance of the notice, because the Commissioner had the authority to make such an assessment under the predecessor sections to sec. 6213(b)(1) and (2) which treat a deficiency loss resulting from the disallowance of a carryback as a mathematical error. The Court held that a deficiency adjustment may be sustained upon any ground supporting it, even though the Commissioner did not rely thereon when the assessment was made.