NORTHERN INDIANA PUBLIC SERVICE COMPANY AND SUBSIDIARIES, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24468–91.            Filed October 7, 1993.

*David C. Jensen, William F. Indoe, Andrew P. Solomon,* and *Lawrence H. Jacobson,* for petitioner.
*Elsie Hall* and *Reid M. Huey,* for respondent.

## OPINION

RUWE, *Judge:* Section 1441[1] requires a payor to withhold income tax on certain types of income paid to nonresident alien individuals. The items of income referred to in section 1441, which include interest, are subject to withholding "to the extent that any of such items constitutes *gross income*

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

from sources within the United States". Sec. 1441(a) (emphasis added). Section 1461 makes the payor personally liable for this withholding tax. The income and tax referred to in these sections are required to be reported annually on Form 1042, U.S. Annual Return of Income Tax To Be Paid at Source. Respondent determined deficiencies of $3,785,250 for each of the taxable years 1982 through 1985 with respect to petitioner's liability under these sections of the Code.

This case is before the Court on petitioner's motion for partial summary judgment filed pursuant to Rule 121. The motion concerns only the deficiency for the taxable year 1982. The sole issue for decision is whether the 6-year period for assessment of tax provided by section 6501(e)(1) applies where the income subject to withholding tax under section 1441 is understated by an amount in excess of 25 percent of the amount of gross income stated in the Form 1042.

Summary judgment is intended to expedite litigation and avoid expensive trials of phantom factual questions. *Shiosaki v. Commissioner,* 61 T.C. 861, 862 (1974). A decision on the merits of the parties' claims may be made on summary judgment if there is no genuine issue as to any material fact and the decision can be made as a matter of law. Rule 121(b). The Court will not resolve disputes over factual issues in a summary judgment proceeding. *Naftel v. Commissioner,* 85 T.C. 527, 529 (1985); *Espinoza v. Commissioner,* 78 T.C. 412, 416 (1982). For purposes of this motion, the facts, as set out below, are not in dispute. The stipulation of facts and attached exhibits are incorporated herein by this reference.

Petitioner is an Indiana corporation with its principal office in Hammond, Indiana. In the notice of deficiency, issued August 1, 1991, respondent determined a deficiency in income tax withheld at the source for petitioner's taxable year ended December 31, 1982, attributable to interest payments on Euronote obligations made by petitioner's 100-percent-owned foreign subsidiary, NIPSCO Finance N.V. The explanation of adjustments in the notice of deficiency states:

It has been determined that your 100% owned foreign subsidiary, incorporated in the Netherlands Antilles, was not properly capitalized, therefore the interest paid by that subsidiary on debt obligations (Euronotes) is treated as being paid directly by you. Consequently, you are liable for the 30% withholding which was not withheld on interest payments made to

the holders of the Euronotes of $12,617,500.00 in each of the years 1982, 1983, 1984 and 1985.

For purposes of this motion only, petitioner does not dispute respondent's determination that, during 1982, petitioner paid interest in the amount of $12,617,500 to nonresident aliens and that this interest was subject to the 30-percent withholding tax referred to in sections 1441 and 1461.

Petitioner filed a Form 1042, U.S. Annual Return of Income Tax To Be Paid at Source, and Form 1042S, Foreign Person's U.S. Source Income Subject to Withholding, for the 1982 taxable year. On its Form 1042, petitioner reported and paid tax on $60,791.97 as the "Gross amount paid" to non-resident aliens.[2] The $60,791.97 did not include any of the $12,617,500 in interest payments from petitioner to bond-holders of Euronotes, nor was the nature or amount of such payments disclosed in the Forms 1042 and 1042S, or on any schedule or statement attached to such returns. Petitioner stipulates that this $12,617,500 "exceeds by more than 25 percent the amount of 'gross income paid' stated on petition-er's Form 1042."[3]

Petitioner and respondent executed six consecutive Forms 872, Consent To Extend the Time To Assess Tax, extending the period of limitations for the 1982 taxable year. The first of these was fully executed on March 13, 1989, after the normal 3-year period of limitations in section 6501(a) had expired. Each of the consents to extend the period of limitations contained the following statements:

The time within which a tax may be assessed under the provisions of Section 6501(a) of IRC has already expired. This consent shall be ineffective, therefore, to validate the assessment of a deficiency in tax for the said taxable year unless the said deficiency is predicated on the inclusion in gross income of an amount omitted therefrom in the taxpayer's return, which is properly includible therein and which is in excess of 25% of the amount of gross income stated in the return as provided in Section 6501(e).

The amount of any deficiency assessment is to be limited to that resulting from any adjustment to withholding tax on interest payments from North-

---

[2] Contrary to petitioner's contention, Form 1042 is not an "information return" (provision for which is made in secs. 6032-6053). Form 1042 is a "return * * * of the tax" and is required by sec. 1.1461-2(b), Income Tax Regs. Form 1042S, by contrast, is specified by the same regulation as an "information return".

[3] Form 1042S requires a taxpayer to state *"Gross income* paid". The amount listed on the Form 1042S is transferred to line 16 of the Form 1042, which is labeled "Gross amount paid".

ern Indiana Public Service Company to NIPSCO Finance N.V., including any consequential changes to other items based on such adjustment.

Section 6501(a) generally provides that the amount of any tax imposed by the Internal Revenue Code shall be assessed within 3 years after the return is filed.[4] Section 6501(e)(1) provides an exception to the normal 3-year period.

(1) * * * In the case of any tax imposed by subtitle A—[Income Taxes]
(A) GENERAL RULE.—If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return was filed. * * *

Thus, when the circumstances mentioned in section 6501(e)(1) are present, there is a 6-year period of limitations during which the Commissioner may assess tax. See *Thoburn v. Commissioner*, 95 T.C. 132, 146 (1990). The parties agree that the first consent to extend the period of limitations was secured more than 3 years after the due date for the 1982 Form 1042 filed by petitioner, but within 6 years after the return was filed.

While petitioner agrees, for purposes of this motion, that it failed to report $12,617,500 in interest payments on Form 1042 (which is in excess of 25 percent of the gross income paid to nonresident aliens as stated on the return), petitioner contends that this was not an understatement of "gross income", as that term is used in section 6501(e)(1). According to petitioner, Form 1042 does not require it to report gross income; rather, petitioner argues, it "is a tax return designed to report to respondent withholding tax liability on amounts paid to foreign persons." Thus, petitioner contends that its omission was merely an understatement of its generic "tax liability", rather than "gross income". In order to resolve this dispute, we will look at the statutory scheme for taxing nonresident alien individuals.

Section 871 imposes a tax of 30 percent on the amount received from sources within the United States by a nonresident alien individual as "interest * * * dividends, rents,

---

[4] Sec. 6503(a) suspends the running of the period of limitations after the mailing of a notice of deficiency for the period during which respondent is prevented from making an assessment, and, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until 60 days after the Court's decision becomes final.

* * * and other fixed or determinable annual or periodical gains, profits, and income". Section 872(a) provides that the nonresident alien individual's "gross income" includes amounts such as those at issue in this motion. Sections 873 and 874 provide for certain deductions and credits that are available to nonresident aliens. The tax withheld under section 1441 can be claimed as a credit if the nonresident alien files a return. Secs. 874, 871(g)(5).

Sections 1441 and 1461, which gave rise to petitioner's liability, impose income taxes.[5] See *S-K Liquidating Co. v. Commissioner,* 64 T.C. 713, 718 (1975). Section 1441(a) requires that persons paying certain types of income to nonresident aliens withhold a tax equal to 30 percent.[6] The payments to which this directive applies are "any of the items of *income* specified in * * * [section 1441(b)] (to the extent that any of such items constitutes *gross income* from sources within the United States), of any nonresident alien individual". Sec. 1441(a) (emphasis added). Section 61(a)(4) specifies that interest is an item of "gross income". Interest is one of the "items of income" listed in section 1441(b). It follows that an understatement, on Form 1042, of the amount of interest paid to a nonresident alien is an understatement of "gross income".

Petitioner contends that the understatement of gross income referred to in section 6501(e)(1) pertains only to income *received* by a taxpayer. Petitioner argues that section 6501(e)(1) does not apply to understatements on Form 1042, because the withholding tax liability imposed by sections 1441 and 1461 is a tax on disbursements rather than on the income received by petitioner. However, the application of section 6501(e)(1) is not restricted to income received by the taxpayer. Section 6501(e)(1) specifies that it applies "In the case of *any* tax imposed by subtitle A" (emphasis added). Subtitle A imposes income taxes. The withholding tax on petitioner's interest payments is imposed by section 1441,

---

[5] The deficiency provisions, secs. 6211-6216, are applicable to income tax liabilities determined under sec. 1441, despite reference in the deficiency provisions to the taxpayer's return, or "his return", e.g., sec. 6211(a)(1)(A). See *Inverworld, Ltd. v. Commissioner,* 98 T.C. 70, 82 (1992), affd. 979 F.2d 868 (D.C. Cir. 1992); *S-K Liquidating Co. v. Commissioner,* 64 T.C. 713, 716-718 (1975). Petitioner—as the withholding agent—is the "taxpayer" entitled to file a petition in the Tax Court. *S-K Liquidating v. Commissioner, supra* at 718.

[6] The rate of withholding is less with respect to certain situations which are not relevant here. See sec. 1441.

and petitioner is made directly liable for such tax by section 1461. These Code sections are in subtitle A. The 30-percent tax originates in section 871, which is also found in subtitle A of the Code. Thus, the language of section 6501(e)(1) and the withholding provisions undermines petitioner's argument.

Petitioner's contention is also undermined by section 301.6501(e)-1(a)(1)(i), Proced. & Admin. Regs., which states:

If the taxpayer omits from the gross income stated in *the return of a tax imposed by subtitle A* of the Code an amount properly includible therein which is in excess of 25 percent of the gross income so stated, the tax may be assessed * * * at any time within 6 years after the return was filed. [Emphasis added.]

The regulation's scope includes Form 1042, which is "the return of a tax imposed by subtitle A". The withholding agent is the payor of, and is liable for, the tax on that return. An understatement of interest paid to a nonresident alien is an omission from "gross income" that should be reported on Form 1042.[7]

In *Colony, Inc. v. Commissioner,* 357 U.S. 28, 36 (1958), the Supreme Court held that the predecessor of section 6501(e)(1) was enacted

to give the Commissioner an additional two years [now three] to investigate tax returns in cases where, because of a taxpayer's omission to report some *taxable item,* the Commissioner is at a special disadvantage in detecting errors. In such instances the return on its face provides no clue to the existence of the omitted item. * * * [Emphasis added.]

Petitioner's omission fits the Supreme Court's description. The interest payments were a "taxable item" under section 1441(a). The only feasible way for respondent to collect tax on the $12,617,500 of interest that petitioner paid to nonresident aliens was to collect it from petitioner.[8] Petitioner

---

[7] Petitioner points out that sec. 6501(e)(1)(A)(i) defines gross income *"In the case of a trade or business"* as "the total of the amounts received or accrued from the sale of goods or services * * * prior to diminution by the cost of such sales or services". Petitioner relies on this definition in contending that the interest payments it made did not constitute gross income. While petitioner is correct in arguing that Euronote interest payments are not covered under the sec. 6501(e)(1)(A)(i) definition, this does not mean that such payments are not gross income. For nonbusiness items and those not covered under sec. 6501(e)(1)(A)(i), the general definition of gross income found in the Code applies. See *Green v. Commissioner,* 7 T.C. 263, 276-277 (1946); *Schneider v. Commissioner,* T.C. Memo. 1985-139.

[8] Form 1042 is generally the only return of tax filed for U.S. source nonbusiness income received by foreign persons. Cf. sec. 874. The tax paid by the withholding agent on such income

was required to file Form 1042 and report the interest that it paid to nonresident aliens. The $12,617,500 in interest paid to nonresident aliens was not disclosed in petitioner's Forms 1042 and 1042S, or on any schedule or statement attached to such returns. Respondent, therefore, was "at a special disadvantage in detecting" petitioner's omission of a taxable item. *Colony, Inc. v. Commissioner, supra* at 36.

Statutes of limitation are to be strictly construed "in favor of the Government." *Bufferd v. Commissioner*, 506 U.S. ____, ____, 113 S. Ct. 927, 930 n.6 (1993); *Badaracco v. Commissioner*, 464 U.S. 386, 391-392 (1984); *Thoburn v. Commissioner*, 95 T.C. at 146-147. The language contained in section 6501(e)(1) literally applies to the situation at hand and so does the policy of the statute. We therefore hold that an understatement of interest paid to a nonresident alien on Form 1042 is an omission of "gross income" within the meaning of section 6501(e)(1). The exception to the normal period of limitations contained in section 6501(e)(1) applies to the undisputed facts in this case.

> *An appropriate order will be issued denying petitioner's motion for partial summary judgment.*

---

is generally the only tax paid on such income. The withholding agent, therefore, acts as the payor of the tax, files a return, and is liable for the tax. See *S-K Liquidating Co. v. Commissioner, supra* at 716 n.6. This relationship between withholding agent and foreign income recipient was well established at the time the predecessor of sec. 6501(e) was enacted as sec. 275(c) of the Revenue Act of 1934, ch. 277, 48 Stat. 745. See Revenue Act of 1932, ch. 209, tit. I, sec. 211(c), 47 Stat. 228 (tax on nonresident aliens *in lieu of* normal tax imposed); Revenue Act of 1932, ch. 209, tit. I, sec. 143(b), 47 Stat. 215 (making withholding agent liable for tax and requiring return to be filed); Regs. 77, art. 1081 (1933) (promulgated under Revenue Act of 1932) (allowing nonresident aliens to file returns and pay tax *unless withheld at source*).