ROWAN COTTON MILLS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 108162.   Promulgated April 6, 1943.

*J. Gilmer Korner, Jr., Esq.*, for the petitioner.
*Jane Pierce, Esq.*, for the respondent.

OPINION.

SMITH, *Judge:* This proceeding is for the redetermination of a deficiency in tax on unjust enrichment for 1935 in the amount of $33,969.97, plus a delinquency penalty of $6,793.99. The following errors are alleged by the petitioner:

(a) By reason of the provisions of section 274 (f) of the Revenue Act of 1926, and section 272 (f) of the Revenue Act of 1936, the Commissioner has no right to determine *any* additional deficiency against this petitioner for the year 1935, and the Commissioner erred in attempting so to do.

(b) The Commissioner erred in determining the alleged deficiency involved herein for the reason that petitioner owes no such additional taxes as alleged by the Commissioner in his deficiency notice.

(c) The Commissioner erred in determining a penalty in the amount of 20% of the amount alleged by him as the tax deficiency.

By a paper filed with this Court on January 20, 1943, the petitioner elects to have this proceeding decided solely upon his plea that in the circumstances of the case the respondent had no right to determine a deficiency of tax on unjust enrichment against the

petitioner for 1935 and this Court no right to approve such a determination.

The petitioner is a North Carolina corporation, with its principal office and place of business at Salisbury. Its income and excess profits tax return and return for tax on unjust enrichment for the calendar year 1935 were filed with the collector of internal revenue for the district of North Carolina.

Its income and excess profits tax return showed a net income of $82,232.48. The income tax and excess profits tax assessed thereon were in the amounts of $11,306.97 and $351.02, respectively. Under date of September 13, 1937, the respondent mailed to the petitioner a notice of deficiency in income tax and excess profits tax for 1935 of $9,192.34 and $3,385.61, respectively. Such notice of deficiency showed an adjusted net income of $149,085.86. The principal adjustment made by the respondent to the return filed was to add to the net income reported processing tax in the amount of $129,136.35 and to deduct therefrom "Processing Tax Rebated $57,604.77." The respondent explained the addition of the $129,136.35 as follows: "Inasmuch as this tax was not paid, this office holds that it is not an allowable deduction on the return." He explained the allowance of a deduction of "Processing Tax Rebated $57,604.77" as follows:

Processing tax due customers under contract allowed. Inasmuch as the processing tax accrued but not paid has been disallowed as a deduction, this liability is set up and allowed as a deduction in computing correct taxable income for the taxable year ended December 31, 1935.

On December 10, 1937, the petitioner filed an appeal with the Board of Tax Appeals (Docket No. 91529) for a redetermination of such deficiencies. In the answer filed by the respondent on February 7, 1938, request was made for an increase in the deficiency shown by the deficiency notice. He claimed that in the determination of the deficiencies he had erred in allowing the deduction of "Processing Tax Rebated $57,604.77" and that the correct adjusted net income was $197,230.75 and the correct deficiencies $15,812.26 and $5,792.86, respectively.

There were numerous conferences between the petitioner and representatives of the respondent relative to petitioner's correct income tax and excess profits tax liabilities for 1935. Finally, an agreement as to the amounts was reached by the respective parties, subject to approval by the Commissioner. The agreement reached was reduced to writing and a copy was furnished to petitioner, which reads as follows:

C—TS : FOR

EFH

In re: Rowan Cotton Mills Company,
Salisbury, North Carolina.
Docket: #91529.
Year: 1935.

The undersigned petitioner hereby agrees that it will stipulate with the Chief Counsel, Bureau of Internal Revenue, to the entry of an order by the United States Board of Tax Appeals redetermining its deficiency in the above-entitled case on the following basis of settlement:

The petitioner hereby agrees that the taxable income as determined in the final deficiency notice dated September 13, 1937, is to be increased in the net amount of $48,144.89 with respect to processing taxes.

The net income is to be decreased in the amount of $6,899.90, representing additional income taxes due to the State of North Carolina.

It is agreed and understood that the above-mentioned processing taxes in the amount of $48,144.89 will be allowed as a deduction in determining the petitioner's tax liability for 1936 and that the allowance of such deduction results in an overassessment in the amount of $8,115.64 for that year.

It is also agreed and understood that the petitioner's taxable net income for 1935 is $190,330.85 and its taxable net income for 1936 is $37,496.24.

All other issues are waived and no new issues are to be raised.

This settlement when approved shall definitely close the Federal income tax matters of Rowan Cotton Mills Company for the years 1935 and 1936.

Subject to the approval of the Commissioner of Internal Revenue, the foregoing adjustments (together with such other adjustments as arise as a proper and necessary incident thereto) are agreed to as a basis for closing the case.

At these conferences nothing was ever said by anybody about any liability of the petitioner to "Tax on Unjust Enrichment" for 1935 under Title III of the Revenue Act of 1936.

The petitioner's return for tax on unjust enrichment (Form 945) for the calendar year 1935 was filed on June 15, 1937. This return was filed pursuant to the provisions of Title III of the Revenue Act of 1936 and showed no liability for such tax. No deficiency in tax on unjust enrichment had been determined by the Commissioner at the time of the conferences between the petitioner and the respondent's representatives relative to the correct amounts of deficiencies in income tax and excess profits tax for 1935.

Counsel for the petitioner sought to obtain from the Commissioner a written stipulation to the effect that "This settlement when approved shall definitely close the Federal income tax matters of Rowan Cotton Mills Company for the years 1935 and 1936." The petitioner was advised under date of August 24, 1938, over the signature of the head of the Technical Staff, that it was not the practice for the Commissioner to sign such agreements. Under date

of June 24, 1938, a stipulation signed by counsel for the petitioner and by counsel for the Commissioner was filed with the Board of Tax Appeals in Docket No. 91529 to the effect that:

It is hereby stipulated and agreed that there is a deficiency in Federal income tax of $14,863.52 and a deficiency in excess-profits tax of $5,447.86 due from this petitioner for the taxable year 1935 and that the Board may enter its decision accordingly.

A decision to the above effect was entered by the Board (Docket No. 91529) under date of June 25, 1938, and the case was closed. The judgment, together with accrued interest less a credit for overassessment of tax for 1936, was paid by the petitioner on October 10, 1938, in the net amount of $14,637.38.

When the Commissioner got around to audit the petitioner's return of tax on unjust enrichment for 1935 (filed June 15, 1937) he determined that the petitioner had a liability of $33,969.97 for such tax, plus a penalty of $6,793.99 for delinquency in filing its return. The Commissioner mailed a notice of deficiency to petitioner on May 12, 1941, and on July 14, 1941, the petitioner filed its petition in the present proceeding.

On June 2, 1942, the petitioner filed a motion that the hearing in the first instance be limited to the question whether the Commissioner had authority to determine any deficiency in unjust enrichment tax for the year 1935 by reason of the fact that the petitioner's income tax and excess profits tax liabilities for 1935 had been settled by the decision of the Board entered in Docket No. 91529 on June 25, 1938. The motion was granted on the date of filing and the evidence at the hearing on June 11, 1942, was limited accordingly.

By order of the Board entered August 31, 1942, the case was restored to the general calendar for hearing upon all issues raised.

On January 20, 1943, as above indicated, the petitioner filed a "Motion and Plea" with this Court electing "to stand on its plea to the jurisdiction either of the Commissioner or of this Court to find and determine any additional deficiency for the same said year 1935, and elects not to offer evidence on any other issue raised by the pleadings in this cause."

The petitioner's income and excess profits tax return for 1935, upon which the deficiencies in Docket No. 91529 were determined, was filed under the provisions of Title I and Title V of the Revenue Act of 1934, as amended and supplemented by the Revenue Act of 1935. Those acts do not impose any tax upon unjust enrichment. It was not until after the Supreme Court in January 1936, held in *Butler* v. *United States*, 297 U. S. 1, that the Agricultural Adjustment Act was unconstitutional that there was any occasion for

Congress to impose a tax upon unjust enrichment. That tax was imposed by Title III of the Revenue Act of 1936, which became a law on June 22, 1936.

Section 272 of the Revenue Acts of 1934 and 1936 is included in Title I, which imposes the income tax. It provides in part as follows:

SEC. 272. PROCEDURE IN GENERAL.

(a) PETITION TO BOARD OF TAX APPEALS.—If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail   *   *   *

\*     \*     \*     \*     \*     \*

(f) FURTHER DEFIENCY LETTERS RESTRICTED.—If the Commissioner has mailed to the taxpayer notice of a deficiency as provided in subsection (a) of this section, and the taxpayer files a petition with the Board within the time prescribed in such subsection, the Commissioner shall have no right to determine any additional deficiency in respect of the same taxable year, except in the case of fraud, and except as provided in subsection (e) of this section, relating to assertion of greater deficiencies before the Board, or in section 273 (c), relating to the making of jeopardy assessments. * * *

It is the contention of the petitioner herein that the tax on unjust enrichment is an income tax and that, since the petitioner's income tax and excess profits tax liabilities for 1935 were settled by the decision of the Board entered on June 25, 1938 (Docket No. 91529), the respondent has no right to determine any additional deficiency in income tax. It contends that the clause of section 272 (f) reading "the Commissioner shall have no right to determine any additional deficiency in respect of the same taxable year" is the egis which gives it protection.

It is plain that the tax on unjust enrichment is a form of income tax. It was so held in *Cincinnati Rubber Manufacturing Co.*, 46 B. T. A. 453. In *Steinhagen Rice Milling Co.* v. *Scofield* (C. C. A., 5th Cir.), 87 Fed. (2d) 804; certiorari denied, 300 U. S. 663, the constitutionality of the tax was sustained upon the ground that it was an income tax within the meaning of the Sixteenth Amendment to the Constitution. See also *Kingan & Co., Inc.* v. *Smith*, 17 Fed. Supp. 217. It is also to be noted that the tax on unjust enrichment is found in chapter II of the Internal Revenue Code, which is captioned "Additional Income Taxes."

We do not think it follows, however, that, because the tax on unjust enrichment is a form of income tax and because petitioner's liability for income tax and excess profits tax for 1935 was settled by the decision of the Board entered in Docket No. 91529, the respondent in the circumstances of this case was foreclosed from mailing to the petitioner the notice of deficiency upon which the present proceeding was brought.

In the first place, section 272 (f), *supra*, provides: "If the Commissioner has mailed to the taxpayer notice of a deficiency as provided in subsection (a) of this section, * * *" Subsection (a) refers to "a deficiency in respect of the tax imposed by this title * * *." The tax imposed by Title I is the income tax. It does not comprehend either the excess profits tax or the tax on unjust enrichment. The excess profits tax for 1935 is imposed by Title V of the Revenue Act of 1934, which provides in section 702 (b) as follows:

(b) All provisions of law (including penalties) applicable in respect of the taxes imposed by Title I of this Act, shall, insofar as not inconsistent with this section, be applicable in respect of the tax imposed by this section, except [exception not material].

Thus, we see that where the Commissioner has mailed a deficiency notice relating to income tax under Title I and the taxpayer's liability for income tax has been settled by a decision of the Board, the Commissioner is not thereafter barred from sending a notice of deficiency with respect to excess profits tax for the same year and vice versa under Title V. See *Will County Title Co.*, 38 B. T. A. 1396; *Union Telephone Co.*, 41 B. T. A. 152; *Hobbs Western Co.*, 43 B. T. A. 5.

The tax on unjust enrichment is imposed by Title III of the Revenue Act of 1936. Section 503 (a) of the Revenue Act of 1936 is for all material purposes the same as section 702 (b) of the Revenue Act of 1934; that is, it makes section 272 (f) of the Revenue Act of 1936 applicable to the tax on unjust enrichment. If the petitioner's liability for that tax had been settled by a decision of the Board, the respondent would clearly have no authority to send a second deficiency notice with respect to such tax.

In the second place, it is to be noted that the petitioner's income and excess profits tax return for 1935 was required to be filed on or before March 15, 1936. At that time Congress had imposed no tax on unjust enrichment for any year. That tax was imposed by Title V of the Revenue Act of 1936, which, as above indicated, was not approved until June 22, 1936. The petitioner's return for tax on unjust enrichment for 1935 was not required to be filed until about November 1936.

It is the petitioner's contention in this case that, since its income and excess profits tax liabilities for 1935 were under adjudication by the Board of Tax Appeals in Docket No. 91529, the respondent should have moved the Board to increase the deficiencies in income and profits tax which were under review in that proceeding if he wished to determine any deficiency in tax on unjust enrichment for 1935; and that, since he did not so move to increase the deficiency,

and since that proceeding was closed out by a decision of the Board, the respondent is simply "out of luck."

We have noted above that the petitioner's return for 1935 for tax on unjust enrichment was not required to be filed until many months after its income and excess profits tax return was required to be filed. Clearly it was the contemplation of Congress that the respondent should be allowed a reasonable time to promulgate regulations relative to an entirely new form of tax and a reasonable time within which to audit returns filed thereunder. Under the petitioner's theory of the case the respondent might not have had such a reasonable amount of time. In point of fact it is entirely conceivable that the petitioner's income and excess profits tax liabilities for 1935 could have been determined by decision of the Board entered prior to the time that the petitioner was required to file its return for tax on unjust enrichment.

It is furthermore to be noted that the tax on unjust enrichment is not imposed upon the same net income as the income tax or the excess profits tax. In computing net income for the tax on unjust enrichment only certain transactions are taken into account. It is entirely conceivable that a taxpayer might be subject to a tax on unjust enrichment and not for any liability for income or excess profits tax.

Section 502 of the Revenue Act of 1936 provides:

There shall be credited against the total amount of the taxes imposed by this title an amount equivalent to the excess of—

(a) The amount of the other Federal income and excess-profits taxes payable by the taxpayer for the taxable year, over

(b) The amount of the other Federal income and excess-profits taxes which would have been payable by the taxpayer for the taxable year if his net income were decreased by the amount of net income taxable under this title.

This indicates very clearly that the tax on unjust enrichment in no wise impinges upon the income tax imposed by Title I or the excess profits tax imposed by Title V of the Revenue Act of 1934, as amended.

The petitioner particularly calls attention to the following sentence contained in the "Agreement to Stipulate," which is quoted in full in our findings: "All other issues are waived and no new issues are to be raised." He argues that this sentence was intended to cover the petitioner's liability for tax on unjust enrichment for 1935, as well as the income tax imposed by Title I and the excess profits tax by Title V of the Revenue Act of 1934, as amended. The evidence is conclusive, however, that the parties contemplated only the petitioner's liability for income and excess profits taxes which were based upon the income and profits tax return which had been filed by the petitioner for 1935.

The petitioner has rested its entire case upon the proposition that the respondent had no authority to mail to it a notice of deficiency in tax on unjust enrichment and that this Court has no jurisdiction to approve respondent's determination of deficiency and penalty. We think plainly that there is no merit in those contentions.

*Decision will be entered for the respondent.*