ANDREW C. TOWE, SARA TOWE HORSFALL, KRISTIN HARTLEY, KAREN JAMES, THOMAS E. TOWE, JAMES T. TOWE, KRISTOFER E. TOWE, TAMARA JAMES JENSEN, KARLA JAMES, DAVID E. JAMES, ERIC R. JAMES, ARVID HARTLEY, ANDREW C. HARTLEY, C. FLORENCE TOWE, TOWE FARMS, INC. TRUST, & GRANT INVESTMENTS FUND, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; TOWE FARMS INC., TRANSFEREE, W. EDWARD & C. FLORENCE TOWE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Towe
Docket Nos. 26854-89, 6227-90
United States Tax Court
T.C. Memo 1992-689; 1992 Tax Ct. Memo LEXIS 733; 64 T.C.M. (CCH) 1424; December 2, 1992, Filed *733 An order will be issued denying in part and granting in part petitioners' motion for summary judgment. R determined several Federal income tax deficiencies regarding a particular transaction and taxable period. The cases were petitioned and resulted in settlement by R and all Ps. This Court entered the net result of their agreement in the form of an agreed decision document. Subsequently, R determined a gift tax deficiency with respect to the same transaction and period of time. Ps contend that respondent is precluded from making the gift tax determinations under sec. 6212, I.R.C., and the doctrines of res judicata or collateral estoppel. Held: Under these circumstances, neither sec. 6212, I.R.C., nor the doctrines of res judicata or collateral estoppel would preclude R from making separate income and gift tax determinations. The period for assessment of income tax for Ps' taxable years had otherwise expired. R was attempting to show that Ps' returns were fraudulent under the sec. 6501(c)(1), I.R.C., exception to the normal assessment period. R admits that Ps' returns as filed were not fraudulent, but argues that fraudulent allegations in amended pleadings of P filed with *734 this Court had the effect of amending the original return and making them fraudulent. R relies on Friedman v. Commissioner, 97 T.C. 606 (1991). Held: Even if the allegations were fraudulent, they did not have the effect of amending Ps' returns for purposes of sec. 6501(c)(1), and Friedman is not controlling here and is factually distinguishable from the circumstances here. H transferred realty to a corporation of which W and others were shareholders. R determined that the transfer was a gift and that W was jointly and severally liable for the gift tax under sec. 2513(d), I.R.C. R also determined that W and the other shareholders were liable as transferees for the same gift tax liability. Ps argue that R's determinations are contradictory because they assume that W is both a donor and donee and that therefore no gift could have occurred as to W. Held: Ps' argument fails because W is not taxed as a donee under sec. 2513, I.R.C., and because she is liable as a matter of law in connection with a constructive splitting of gifts for tax benefit purposes. Held further: R would, in any event, not be precluded from making inconsistent *735 alternative determinations concerning W. For Petitioners: Thomas E. Towe. For Respondent: Jay M. Erickson. GERBER
GERBER
MEMORANDUM OPINION GERBER, Judge: Petitioners seek summary judgment in the above-captioned cases with respect to the following issues: [1] (1) Whether respondent is precluded from making a gift tax determination concerning the same transaction and taxable periods for which income tax determinations had already been made; (2) whether statements or allegations in a pleading filed with this Court can be considered as part of, or an amendment to, an income tax return for purposes of considering whether said return was fraudulent within the meaning of section 6501(c)(1); (3) whether respondent may determine both a gift tax deficiency and a transferee liability against the same person; and (4) whether the subject ranches were transferred by gift or instead were sold for an adequate and full consideration in money or money's worth. *736 Summary Judgment -- Requirement of No Genuine Issue of Material Fact
Rule 121 [2] provides for summary judgment on legal issues in controversy where there is no genuine issue of material fact. Naftel v. Commissioner, 85 T.C. 527, 528-529 (1985); Shiosaki v. Commissioner, 61 T.C. 861, 862-863 (1974). Partial summary judgment which does not dispose of all issues may be sought and granted. Elkins v. Commissioner, 81 T.C. 669, 674 (1983). The parties seek to resolve several legal issues which could reduce and conserve the time and resources of the parties and the Court. Respondent contends that there is a genuine issue of material fact with respect to the issue of whether the transfer of the subject ranches was a gift or *737 sale. In connection with that issue, petitioners attempted to reveal the settlement negotiations that occurred in a prior case. Certain aspects of those negotiations or the resulting settlement were embodied in a report prepared by respondent's Appeals officer. In this case a factual controversy remains concerning the transfer of the ranches. That controversy involves a material fact and this case is not ripe for summary judgment. Because of our holding that there is a material issue of fact with respect to the ranch transfers, it is unnecessary to decide whether consideration of the report violates rule 408 of the Federal Rules of Evidence. Use of summary judgment is appropriate with respect to the remaining legal issues. I. Section 6212 -- Whether respondent may make separate gift tax and income tax determinations with respect to the same transaction for the same taxable years or periods
Respondent, during December 1984, determined income tax deficiencies for 1979-81 for Edward and Florence Towe (the Towes), Towe Farms, Inc. (Farm), and Sun Dial Land Co. Three petitions were filed with this Court and the cases proceeded with pretrial activity. The determinations, *738 in part, concerned the transfer of two parcels of realty and the transfer of certain antique automobiles. Settlement negotiations ensued and correspondence flowed between the litigants. The parties reached a basis for settlement of all issues in the three cases, the net result of which was embodied in decisions which this Court entered. Respondent's Appeals officer, prior to the entry of decision, recorded his understanding of the settlement in a so-called "supporting statement". During August 1989, respondent determined gift tax deficiencies for the Towes concerning the same transaction(s) and time period as gave rise to the earlier income tax deficiencies. Respondent also determined that each of the shareholders of Farm (members of the Towe family) was a transferee of property and was liable for Edward Towe's gift tax liability. The parties' arguments reflect that respondent made the determinations of gift tax deficiencies based upon information from the settlement negotiations in the earlier income tax case. Each assertion of transferee liability was made with respect to the same gift tax liability. Additionally, with respect to the Towes and each transferee, the same liability *739 had been determined for several taxable periods in the alternative because of uncertainty as to the exact time of the property transfer. The Towes and each of the transferees petitioned this Court and, in part, alleged that the transfers of property were to Farm and not to the shareholders. Accordingly, during December 1989, respondent made the additional duplicate determination that Farm was also a transferee of property and liable for Edward Towe's gift tax liability. The 1979-81 income tax determinations concerned the same transactions (transfers of realty) as the gift tax and transferee determinations. Petitioners argue that respondent is precluded by section 6212 and/or the principles of res judicata or collateral estoppel from determining a gift tax deficiency for the same transaction. In this regard, petitioners argue that section 6212 embodies the common law doctrine of res judicata and if it does not, that res judicata or collateral estoppel would otherwise apply. Respondent argues that there is no prohibition against making income and gift tax determinations for the same period and/or transaction. This controversy raises several aspects of issue and claim preclusion *740 and their relationship to and interaction with the restriction on further determinations, as set forth in section 6212(c)(1). A. The statute -- Section 6212(c)(1) provides that further deficiency determinations are restricted "If the Secretary has mailed to the taxpayer a notice of deficiency * * * and the taxpayer files a petition with the Tax Court". The restriction is further delineated as follows: "the Secretary shall have no right to determine any additional deficiency of income tax for the same taxable year, of gift tax for the same calendar quarter, [3] of estate tax in respect of the taxable estate of the same decedent". After listing several other types of tax, section 6212(c)(1) concludes with exceptions to the restriction where there is fraud and with references to exceptions in sections 6214(a), 6213(b)(1), 6851, and 6861(c). *741 Petitioners contend that the section 6212(c)(1) restriction on further determinations should be read in the conjunctive; i.e., if a determination is made with respect to any type of tax, then further determinations are restricted as to the same and other types of tax for the same taxable period (or transaction). Respondent, on the other hand, argues for a disjunctive reading where each type of tax would be treated separately, even though involving the same transaction or taxable period as a prior determination of another type of tax. We agree with respondent. Courts have previously addressed the question of whether respondent is entitled to issue two separate determinations of different types of tax for the same taxable year or period. See S-K Liquidating Co. v. Commissioner, 64 T.C. 713, 716 (1975) (income and withholding tax); Rowan Cotton Mills Co. v. Commissioner, 1 T.C. 865 (1943) (income, excess profits, and unjust enrichment tax); Michael v. Commissioner, 75 F.2d 966, 969 (2d Cir. 1935) (transferee liability of a corporation and individual income tax). Petitioners implicitly acknowledge *742 this line of cases, but they argue that the statute supports their position, or that their situation is distinguishable from the cases cited by respondent, because the same transaction is involved in this case, not just the same time period. Petitioners argue that both of respondent's determinations concern the same transaction, whereas the cited cases involve different transactions that happen to fall in the same year. Petitioners' argument is founded on the premise that the common law principles of collateral estoppel and res judicata are embodied in section 6212. If we should find that those principles are not embodied in section 6212, [4] then petitioners argue that, apart from section 6212, res judicata or collateral estoppel bars respondent from making a gift tax determination. *743 The wording of section 6212(c)(1) is not ambiguous. We are unable to read that section in the conjunctive. The phrasing of the prohibition on the Secretary's determining "any additional deficiency of income tax for the same taxable year, of gift tax for the same calendar quarter, of estate tax in respect of the taxable estate of the same decedent", is superfluous if read in any manner other than the disjunctive. It is axiomatic that each of the types of tax enumerated may be separately determined and assessed. Additionally, no specific language prohibits more than one type of tax being determined in connection with the same transaction. The income tax is not to be construed as though it is in pari materia with estate or gift taxes. Farid-Es-Sultaneh v. Commissioner, 160 F.2d 812, 814 (2d Cir. 1947), revg. 6 T.C. 652 (1946). A single transaction or series of transactions can result in the incidence of both gift and income taxes. Lazarus v. Commissioner, 58 T.C. 854 (1972), affd. 513 F.2d 824 (9th Cir. 1975). In that case, the Court looked through the form to *744 the substance, collapsing a convoluted series of transactions into their essence. That analysis developed into a holding that part of the transaction resulted in income tax and the remaining portion resulted in gift tax. Accordingly, there are examples of the application of gift tax and income tax with respect to the same transaction. [5] It does not appear, however, that Congress in section 6212(c) intended to limit respondent's ability to make alternative and/or inconsistent determinations. Accordingly, we go on to consider whether the principles of collateral estoppel or res judicata would preclude litigation of respondent's gift tax determinations in these cases. *745 B. Collateral estoppel -- Petitioners assert that the treatment of the transfer of property was the subject of earlier litigation and that there was an opportunity to litigate the issue even though it was settled.[6] Petitioners believe that they come within the holding of Montana v. United States, 440 U.S. 147 (1979). In that case the Supreme Court refined the requirements for applying collateral estoppel and under it petitioners would be required to prove (1) that the issues presented in this case are, in substance, the same as those in the prior case; (2) that the controlling facts or legal principles have not significantly changed; and (3) that there are no other special circumstances which warrant an exception to the normal rules of preclusion. Id. at 155. More significantly, however, collateral estoppel (or issue preclusion) requires actual litigation and a final judgment on the merits of the issue. Commissioner v. Sunnen, 333 U.S. 591 (1948); Allen v. McCurry, 449 U.S. 90 (1980). Collateral estoppel precludes a party to a prior suit from relitigating *746 in a later suit (involving a different cause of action) the issues of fact and law which were actually and necessarily decided by the court in reaching its judgment in the first suit. United States v. Mendoza, 464 U.S. 154, 158 (1984); Commissioner v. Sunnen, supra; see also Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979). *747 Petitioner and respondent did not litigate the issues in the prior case. Instead, they reached a settlement of their income tax controversy which was memorialized in a decision. This Court entered that decision in accord with the parties' agreement and not based upon our consideration or evaluation of the merits of the underlying issues. Where parties reach an agreement and the Court has entered a decision based on the agreement, the parties are normally held to the terms of the agreement without regard to whether the decision is correct on the merits. Stamm International Corp. v. Commissioner, 90 T.C. 315, 321-322 (1988). Because this Court finalized the controversy by entering the parties' agreed decision, neither party is collaterally estopped with respect to the underlying transactions or facts. United States v. International Bldg. Co., 345 U.S. 502, 504-506 (1953). The settlement of the income tax matter here is different from situations where a plea of guilty in a criminal tax case would collaterally estop the taxpayer from denying civil fraud or failure to file in a subsequent civil setting. The use of estoppel *748 in that setting was considered in detail by this Court in Amos v. Commissioner, 43 T.C. 50 (1964), affd. 360 F.2d 358 (4th Cir. 1965). In Amos the taxpayer was convicted after a trial before a judge without a jury. In applying collateral estoppel, we recognized that a violation of section 7201 or 7203 carries with it an ultimate factual determination which would support a finding of fraud under section 6653(b) or late filing under section 6651(a), respectively.[7] That principle has also been extended to situations where the conviction was based upon a plea of guilty. Castillo v. Commissioner, 84 T.C. 405, 409-410 (1985). Collateral estoppel was found to apply because the criminal defendant was convicted based upon a plea of guilty to an indictment or other specific charge of criminal wrongdoing. The plea to specific alleged acts along with the conviction and judgment were found to be sufficient to collaterally estop the same taxpayer from denying such acts. *749 In the setting of this case, we did not enter a decision in the earlier income tax case in connection with specific factual premises. Instead, we entered the decision document supplied by the parties, which simply contains a "bottom-line" figure representing income tax deficiencies agreed to by the parties. These circumstances would not be a sufficient foundation for employing collateral estoppel or issue preclusion in this case. C. Res judicata -- Res judicata (claim preclusion) precludes relitigation of issues that were or could have been raised regarding a cause of action. Allen v. McCurry, 449 U.S. 90 (1980); Commissioner v. Sunnen, supra. The question of whether a particular transaction results in the incidence of gift tax is a different issue or cause of action from whether it results in the incidence of income tax. The parties, with certain exceptions not present here, would be precluded from litigating the Towes' 1979-81 income tax liabilities under the doctrine of res judicata. This argument by petitioners is similar to that made in connection with section 6212(c)(1). Although respondent's assertions *750 of gift tax and income tax arise from the same set of facts (transaction or act), they represent different causes of action within the meaning of section 6212(c)(1) and respective sections of the Internal Revenue Code. Even though the decision entered by this Court would generally preclude respondent or petitioners from attempting to litigate an income tax issue for the same taxable year(s), it would not preclude the litigation of a gift tax issue. Of course, it may be finally decided that the transaction was a sale or exchange rather than a gift, but respondent is not precluded from making the gift tax determination. As discussed above, a criminal tax conviction may collaterally estop a taxpayer from denying civil fraud. The civil and criminal aspects of a particular tax transaction for the same year, however, are different causes of action and there is no res judicata. Helvering v. Mitchell, 303 U.S. 391 (1938); Neaderland v. Commissioner, 52 T.C. 532 (1969), affd. 424 F.2d 639 (2d Cir. 1970). The imposition of income tax and gift tax creates separate causes of action. The determination *751 of one does not preempt the determination of the other. This is so even though both determinations may concern the same transaction and/or taxable period. Accordingly, respondent is not precluded under section 6212 or the doctrines of res judicata or collateral estoppel from making the gift tax determinations in issue. II. The meaning of the term "return" in section 6501(c)(1)
Concerning the second issue, respondent admits that the general rule of section 6212(c)(1) would normally preclude the issuance of a second notice of an income tax deficiency for the Towes' 1980, 1981 and 1982 [8] taxable years. Respondent contends, however, that this case falls within an exception to section 6212(c)(1). The specific exception is that a second notice may be issued where fraud is present. In this connection, respondent admits that the Towes' 1980, 1981, and 1982 original income tax returns were not fraudulent. Respondent contends that the Towes caused an amended petition to be filed and that fraudulent allegations contained in that document constitute an amendment to the Towes' original nonfraudulent returns causing them to become fraudulent. [9] Respondent argues that our opinion *752 in Friedman v. Commissioner, 97 T.C. 606 (1991), supports the argument that the allegations in a pleading cause an amendment to the original returns.
This Court has considered the question of the fraud exception in section 6212(c)(1) in Zackim v. Commissioner, 91 T.C. 1001 (1988), revd. 887 F.2d 455 (3d Cir. 1989). In that case, we decided that the fraud exception did not apply where the Commissioner had a full or fair opportunity to litigate the fraud issue in the earlier case. We also found that respondent was aware of and could have raised the *753 fraud issue during the earlier case. Although the Court of Appeals for the Third Circuit reversed our decision in Zackim, there was no disagreement between our Court and the Circuit Court in situations where the fraud was discovered subsequent to the entry of a decision in the prior case. [10] Here, the alleged fraud took place and was "discovered" after the decisions in the earlier cases became final. See Breman v. Commissioner, 66 T.C. 61 (1976). Accordingly, if respondent can show that the Towes' conduct amounted to fraud here, a second notice of deficiency for the subject years would be permitted. The term "fraud" has essentially the same meaning in section 6212(c)(1) as it has in sections 6653(b) and 6501(c)(1). [11] "In the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed *754 * * * at any time." Sec. 6501(c)(1). Respondent argues that amendments to petitions (containing fraudulent allegations) can be considered amendments to returns so as to fall within the terminology "false or fraudulent return" in section 6501(c)(1). Respondent does not explain how these allegations become a part of the return. Although allegations in pleadings filed with this Court obviously may discuss and concern taxpayer's returns, those allegations do not, per se, amend or directly affect the return. *755 Respondent relies upon Friedman v. Commissioner, supra, to support the argument that allegations in pleadings could be considered an amendment to a return for purposes of concluding that a return is fraudulent. In Friedman, we considered a circumstance where taxpayers had jointly filed a return and subsequently jointly filed a Form 1045 (Application for Tentative Refund) seeking to modify the original return by carrying back losses. That case involved an "innocent spouse question". One of the prerequisites for relief from liability required the "innocent spouse" to show that "on such [joint] return there is a substantial understatement of tax attributable to grossly erroneous items of * * * [the other] spouse". See sec. 6013(e)(1)(B). Because the return, as originally filed, did not contain grossly erroneous items, we were asked to consider whether a Form 1045 containing the required items came within the definition of return in the statute. We held that the Form 1045, which was filed with the Commissioner, modified and became part of the return within the meaning of the phrase "on such return" in section 6013(e)(1)(B). In Friedman v. Commissioner, supra, *756 we noted our intention not to extend our reasoning in that case to other possible applications of the use of the term "return". 97 T.C. at 611 n.3. It is significant that the Form 1045 in Friedman was filed with the Commissioner and was intended to modify the return which had already been filed by the taxpayer. Here respondent asks us to reach the same result concerning allegations contained in a pleading. There are several reasons why the circumstances in this case place it outside the holding in Friedman v. Commissioner, supra. The allegations in a pleading generally concern statements of fact or error which a party intends to prove. Although a party has certain obligations concerning such allegations, [12] the general purpose of a pleading "is to give the parties and the Court fair notice of the matters in controversy and the basis for their respective positions." Rule 31(a). Additionally, pleadings may contain alternative or hypothetical statements of a claim or defense. Rule 31(c). The very nature of allegations in pleadings, as defined by the Rules of Practice and Procedure of this Court, contradicts respondent's *757 argument that petitioners' allegations of fact or error, statement of claim, or plea for relief would cause a formerly filed return to be amended. Of course such allegations, statements, or pleas may result in an additional or lesser amount of tax due than the amount reported on the return, but they do not, per se, change what was reported. If statements or allegations in a pleading are fraudulent (i.e., intentionally misrepresent) some cost or penalty may result, but not under section 6653(b) or successor sections involving fraudulent returns. The pleadings in this case do not expressly attempt to amend the returns originally filed by the Towes for 1980, 1981, or 1982. Moreover, the pleadings in question were signed by petitioners' representative, who may or may not be authorized to file a return on behalf of petitioner. See Lombardo v. Commissioner, 99 T.C.     (1992). The circumstances here are obviously distinguishable *758 and in no way effectively analogous to those in Friedman v. Commissioner, 97 T.C. 606 (1991). We hold as a matter of fact and law that in no way did any allegations made by petitioners in their pleadings filed in these cases result in a fraudulent income tax return for the 1980, 1981, or 1982 tax years within the meaning of section 6653(b), 6501(c)(1), or 6212(c)(1). Accordingly, sections 6501(c)(1) and 6212(c) do not permit a second deficiency notice or extend the limitations period for assessment of income tax for the Towes' 1980, 1981, or 1982 taxable years. III. Whether respondent can determine both a gift tax deficiency and a transferee liability against the same person and whether both determinations could be sustained
Respondent determined that the Towes were liable for gift tax in connection with the transfer of property to Farm. With respect to Mr. Towe, that liability, according to respondent, arises under section 2501. Respondent also contends that Mrs. Towe is a "constructive donor" under the provisions of section 2513(a) and that she is jointly and severally liable for the tax under section 2513(d). Respondent also determined *759 that Mrs. Towe incurred liability as a transferee of the same gift tax due to her shareholder's interest in Farm, the recipient of the subject property. Petitioners argue that Mrs. Towe cannot make a gift to herself. Petitioners point out that under respondent's determinations Mrs. Towe would be a donor and donee and that no completed gift could result. Respondent has countered that Mrs. Towe did not actually make a gift, but that she is considered to have constructively made a gift and is liable both as a primary taxpayer and as a transferee. Respondent also contends that her interest in the transferred property is burdened with the gift tax lien imposed under section 6324(b). First we consider whether respondent would be precluded from making determinations that the same individual was both a donor with primary liability for gift tax and a transferee liable for the same unpaid gift tax due to the same transfer of property. Respondent is not precluded from making alternative determinations, even where only one such determination could be sustained. See, e.g., Malat v. Commissioner, 302 F.2d 700, 704 (9th Cir. 1962), affg. 34 T.C. 365 (1960). *760 Accordingly, even if it is ultimately found that Mrs. Towe may not be liable both as a donor and transferee for the same gift tax liability, respondent is not prohibited from making those determinations. As we understand the circumstances here, for purposes of this aspect of the summary judgment motion, Mr. Towe transferred two parcels of real property (ranches) to Farm. Respondent has determined that the transfers were gifts either to the shareholders of Farm or to Farm itself. The parties are in controversy over whether such transfers constituted gifts or transfers for consideration. If Mrs. Towe, who apparently was not the actual owner or transferor of the ranches, had consented to the gift-splitting provisions under section 2513(a)(2), she would, as a matter of law, be jointly and severally liable for any gift tax attributable to such transfers. Sec. 2513(d). This is the price that the gift tax laws exact for the tax benefits associated with a split gift. That exposure to liability does not mean, as we understand section 2513, that Mrs. Towe was in fact the donor or transferor of the property. Rather, the liability would follow from a constructive splitting of gifts for *761 tax purposes. Transferee liability under section 6901 is simply a method of collection (in the gift tax context from the donee or recipient of property) if the Commissioner is unable to collect the tax liability from the primary source (donor/taxpayer). If Mrs. Towe was a donee/transferee and the gift tax is not collected or collectible from the donor/transferor, she may be liable under section 6901, if other prerequisites have been met. A person can be both a primary taxpayer and a transferee, as in the case of a spouse who files a joint return and receives property without consideration from the other spouse. United States v. Floersch, 276 F.2d 714 (10th Cir. 1960). By the same token, Mrs. Towe's exposure to liability for a split gift under section 2513 does not shield her from transferee liability. Under these circumstances, we cannot agree with petitioners' contention that respondent's alternative determinations of gift tax and gift tax transferee liability must fail as a matter of law. Under the above scenario, Mrs. Towe does not become a donor because of any consent she may have given in order to take advantage of gift-splitting provisions *762 with Mr. Towe. Her exposure to joint and several liability is based upon a constructive splitting of the gift. Therefore, petitioners' contention that Mrs. Towe would have been both donor and donee of the gift under respondent's theory rests on a fallacious premise, and their argument must fail. We do not decide that respondent's determination is correct, only that petitioners are not entitled to summary judgment on this issue. To reflect the foregoing, An order will be issued denying in part and granting in part petitioners' motion for summary judgment. Footnotes
1. Petitioners also posed an issue related to the transferee cases which involves the Montana fraudulent conveyance statutes and whether respondent is time barred under those statutes from asserting transferee liability under sec. 6901. Petitioners summarily raised this point in the motion, but did not argue or develop it in their memoranda in support of their summary judgment motion. It appears, at least for the present, that the parties either abandoned their controversy over this aspect of the case or failed to address it. In either event, we will deny, without prejudice, petitioners' motion with respect to this matter.↩
2. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
3. Respondent determined gift tax deficiencies for quarters in 1979, 1980, and 1981 and for the taxable years 1982 and 1983. Prior to 1982 gift tax was reportable quarterly within each calendar year. After 1981 gift tax was reportable annually. Accordingly, with respect to gift tax, sec. 6212↩ referred to calendar quarters prior to 1982 and calendar years after 1981. The difference in the type of taxable period (year vs. quarter) between gift and income tax weakens petitioners' positions that the statute be read conjunctively.
4. It is unnecessary to decide whether the principles of res judicata or collateral estoppel are embodied in sec. 6212↩. To the extent not addressed in the statute by Congress, such principles may be employed within the authority of this Court.
5. In United States v. Dalm, 494 U.S. 596↩ (1990), the Supreme Court, in considering whether the doctrine of equitable recoupment was applicable, considered a situation where the taxpayer had received amounts from her brother's estate which were reported as a gift on a gift tax return. The Commissioner then determined that the same amounts received were income to the taxpayer for the same taxable periods. The taxpayer petitioned this Court, arguing that the amounts were gifts. The parties settled the income tax case for an amount less than the Commissioner had determined. After the conclusion of the income tax case, the taxpayer unsuccessfully sought to obtain a refund of the gift taxes paid under the theory of equitable recoupment. Although the majority addressed the question solely from the procedural aspect of the timeliness of the taxpayer's claim, the dissenting opinion seems to question whether the taxpayer should be taxed twice (gift and income tax) on the same transaction.
6. Petitioners use the concepts of res judicata and collateral estoppel interchangeably, but those concepts are distinct. Collateral estoppel and the related doctrine of res judicata have the dual purpose of protecting litigants from the burden of relitigating an identical issue and of promoting judicial economy by preventing unnecessary or redundant litigation. Meier v. Commissioner, 91 T.C. 273, 282 (1988). Under the doctrine of res judicata, or claim preclusion, a judgment on the merits in a prior suit bars a second suit which involves the same parties or their privies and is based on the same cause of action. On the other hand, under the doctrine of collateral estoppel, or issue preclusion, the judgment in the prior suit precludes, in the second cause of action, litigation of issues actually litigated and necessary to the outcome of the first action. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326↩ (1979).
7. Compare Wright v. Commissioner, 84 T.C. 636↩ (1985), where we held that conviction under sec. 7206(1) did not necessarily carry with it the ultimate finding of fraud within the meaning of sec. 6653(b).
8. The 1982 year was the subject of a notice of an income tax deficiency issued to the Towes and settled by means of the parties' stipulated decision entered in docket No. 3170-87 on July 6, 1988. ↩
9. We find respondent's position to be somewhat far-fetched and causally remote. In spite of this we believe it appropriate to consider the soundness of the underlying legal principles.↩
10. Accordingly, we do not address any possible difference which may exist between this Court and the Court of Appeals for the Third Circuit concerning this issue.↩
11. Respondent has not sought to vacate the decision entered in the earlier cases due to fraud in the inducement to enter into a settlement or because of a fraud upon the Court. False or untrue representations, even innocently made, may be grounds for relief from a settlement agreement. Saigh v. Commissioner, 26 T.C. 171, 180 (1956). Where there has been fraud upon the Court, a motion to vacate a prior decision may be granted. Kenner v. Commissioner, 387 F.2d 689 (7th Cir. 1968), cert. denied 393 U.S. 841 (1968); Toscano v. Commissioner, 441 F.2d 930 (9th Cir. 1971); Gaviola v. Commissioner, T.C. Memo. 1986-349↩.
12. See, for example, Rule 33(b) concerning the effect and obligations of signing a pleading.↩